1  Keith C. Cramer (SBN: 167899)
   kcramer@grsm.com
2  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
3  San Diego, CA 92101
   Telephone:  (619) 696-6700
4  Facsimile:   (619) 696-7124

5  ATTORNEYS FOR PLAINTIFF GLOBAL APOGEE

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10 GLOBAL APOGEE, a  Wyoming          ) Case No.:
   Corporation                       )
11                                    ) **COMPLAINT FOR DAMAGES**
                        Plaintiff,    )
12                                    ) **JURY TRIAL DEMAND**
         v.                           )
13                                    )
   SUGARFINA, INC., a Delaware        )
14 Corporation, JOSHUA REZNICK, an    )
   individual, ROSIE O'NEILL, an      )
15 individual,  DOES 1-10 and         )
   UNKNOWN ENTITIES 1-10              )
16                                    )
                        Defendants.   )
17 _____    )

18        Plaintiff Global Apogee of Wyoming, ("Global Apogee"), through its

19 attorneys, hereby complains against Sugarfina, Inc., Joshua Reznick, and Rosie

20 O'Neill, DOES 1-10 and UNKNOWN ENTITIES 1-10 and states as follows:

21                        Statement of the Case

22        1.      This is an action by Global Apogee against Defendant Sugarfina,

23 Joshua Reznick, Rosie O'Neill, John Does 1-10, and Unknown Entities 1-10

24 (individually referred to by their name and collectively referred to as

25 "Defendants") for trademark infringement, trademark dilution, trade dress

26 infringement, false designation of origin and unfair competition arising under the

27 Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and state law unfair competition,

28 deceptive trade practices, tortious interference with prospective business, and

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-1-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  unjust enrichment in violation of the statutory and common law of the State of

2  California.

3          2.      This lawsuit arises out of Defendants' unauthorized use and

4  infringements of Global Apogee's federally registered CANDY-GRAM trademark

5  as well as its common law rights to the CANDY-GRAM service mark.

6  Defendants' misappropriation has irreparably harmed the goodwill and reputation

7  of Global Apogee and has caused Global Apogee irreparable damage and monetary

8  harm.  Plaintiff seeks injunctive relief, statutory damages and/or profits, damages,

9  treble damages, compensatory damages, punitive damages, pre-judgment interest,

10  attorneys' fees, and/or costs.

11                          Jurisdiction and Venue

12          3.      This Court has original subject matter jurisdiction this dispute

13  pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§

14  1331, 1338(a), and 1338 (b) as this matter arises under the United States Copyright

15  Act (17 U.S.C. §§101 *et seq.*) and the Lanham Act (15 U.S.C. §§ 1051, *et seq.*) as

16  well as supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

17  U.S.C. § 1367. This Court has subject matter jurisdiction over the claims for unfair

18  competition asserted in this this action pursuant to 28 U.S.C. § 1338(b).

19          4.      This Court has personal jurisdiction over the Defendants pursuant to

20  15 U.S.C. § 1114 and 1125, because: (i) because they continually and regularly

21  conduct business in this district, in California, and throughout the United States;

22  (ii) they have and continue to place infringing products into the stream of

23  commerce, with the knowledge or understanding that such products are sold in the

24  State of California, including in this District; (iii) they are actively engaged in

25  promoting, advertising, marketing, and/or offering products to consumers in this

26  district, including the products at issue in the lawsuit; and (iv) and because they

27  derive substantial revenue from the sale of infringing products within this District,

28  and from interstate and international commerce.

5.      Defendants' contacts with this district are sufficient to confer personal jurisdiction over Defendants.

6.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) and §§1338(a)-(b).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this district, Plaintiff suffered harm in this district and because a substantial part of the events or omissions giving rise to the claims herein asserted occurred within this District.

<u>Parties</u>

8.      Global Apogee is a corporation duly organized and existing under the laws of the State of Wyoming.  Global Apogee maintains an office and its principal place of business is located at 30 N Gould Suite 4000 Sheridan, Wyoming 82801.

9.      Upon information and belief, Sugarfina is a corporation duly organized and existing under the laws of the State of Delaware.  Sugarfina maintains an office and its principal place of business is located at 3915 West 102nd Street, Inglewood, California 90303.

10.     Defendant Joshua Resnick, is a co-founder and co-CEO of Defendant Sugarfina.  On information and belief, Mr. Resnick was directly involved in the unlawful acts alleged herein, including the unlawful acts occurring within this judicial district.

11.     Defendant Rosie O'Neil is a co-founder and co-CEO of Defendant Sugarfina. On information and belief, Ms. O'Neil was directly involved in the unlawful acts alleged herein, including the unlawful acts occurring within this judicial district.

12.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

and with the permission and consent, express and/or implied, of the other Defendants herein. A unity of interest and ownership exists between and among the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow. On information and belief, Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction maintained by Defendants must be pierced, all relief and damages should be awarded against all Defendants jointly and severally, and all acts of the Defendants should be treated as the acts of the other Defendants.

13. Defendant JOHN DOES 1-10, are, upon information and belief directly, secondarily, contributorily, vicariously and/or constructively associated with Defendant Sugarfina in the unlawful acts alleged herein. The identities of JOHN DOES 1-10 are not presently known with specificity. Plaintiff will identify JOHN DOES 1-10 when their identities become known upon further investigation and/or discovery and it will amend the Complaint to add their names.

14. Defendant UNKNOWN ENTITIES 1-10 are, upon information and belief directly, secondarily, vicariously and/or constructively associated with Defendant Sugarfina in the unlawful acts alleged herein. The identities of UNKNOWN ENTITIES 1-10 are not presently known with specificity. Plaintiff will identify UNKNOWN ENTITIES 1-10 when their identities become known upon further investigation and/or discovery and it will amend the Complaint to add their names.

<u>Facts</u>

<u>Global Apogee's CANDY-GRAM Trademark and Registration</u>

15. Global Apogee is the holder of the registered "CANDY-GRAM" trademark. The USPTO Trademark Registration Number for the CANDY-GRAM

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

trademark is 1,943,440, issued in 1995.  The registration covers "Candy" in Class 30 and "Greeting Cards" in Class 16.  A true and correct copy of the Registration Certificate held by Global Apogee for the CANDY-GRAM trademark is attached as Exhibit I.

16.    The trademark registration was originally issued to Arnold Sillins, an individual, on December 26, 1995.  As set forth in the USPTO "Trademark Assignment Abstract of Title", a true and correct copy of which is attached as Exhibit II hereto, the CANDY-GRAM trademark was assigned by Mr. Sillins to New Floral in 1997, by New Floral to United Federal Carriers in 2000 and by United Federal Carriers to Global Apogee of Nevada in 2010.[1]

17.    The CANDY-GRAM trademark has been in continual use in interstate commerce in connection with the sales of candy and greetings cards since the registration was issued in 1995 and it has been renewed as required every ten years. Additionally, Global Apogee has filed a Declaration of Incontestability pursuant to Section 15 of the Lanham Act. As a result, Global Apogee has comprehensive federal statutory and common law rights in the CANDY-GRAM trademark.

18.    The Global Apogee CANDY-GRAM trademark is associated with the products sold by Global Apogee in the minds of consumers and the trade.  In addition to the www.candygram.com website, Global Apogee uses the CANDY-GRAM trade name in its 800- candygram toll free number. As a result of the wide popularity of CANDY-GRAM products, the CANDY-GRAM trademark has acquired secondary meaning so that any advertisement or product bearing the CANDY-GRAM trademark is immediately associated by consumers, the public and the trade as being the CANDY-GRAM product sold by Global Apogee.  By

_____

[1]  New Floral, United Federal Carriers and Global Apogee are affiliated companies.  The corporate home of Global Apogee was moved from Nevada to Wyoming in 2016 and the CANDY-GRAM trademark was, therefore, assigned by Global Apogee of Nevada to Global Apogee of Wyoming at that time.  This assignment, like the previous assignments, was pro forma as the ownership of the two Global Apogee companies is identical.

1   virtue of the substantial time, effort, and money expended over the years by Global

2   Apogee in creating, promoting and popularizing this product, Global Apogee has

3   developed a valuable reputation and goodwill in connection with its CANDY-

4   GRAM trademark.

5       19.    Global Apogee has been diligent in its efforts to protect its name and

6   the CANDY-GRAM trademark, issuing cease and desist letters—which have

7   resulted in the cessation of the infringing activities—to dozens of infringing

8   entities.  Upon learning of the infringement by Sugarfina, on April 26, 2018,

9   Global Apogee issued a cease and desist letter to Sugarfina.  The letter provided

10  evidence of Global Apogee's ownership of the CANDY-GRAM trademark, the

11  registration of that trademark, and the basis of its belief that Sugarfina had

12  knowingly and willfully infringed on that trademark.  In addition, by this letter,

13  Global Apogee demanded that Sugarfina immediately:

14      (i) cease and desist all uses of Candygram on its website, on all social
15      media sites, in its own brick and mortar retail outlets and in all third
        party retail outlets, distributors and/or agents and in connection with
16      any other information delivered to the public; (ii) immediately notify
        its third party retail outlets, distributors and/or agents that they may no
17      longer use the Candygram name or make any sales using that name;
        and (iii) recover from its or third party retail outlets, distributors
18      and/or agents and destroy all copies of marketing materials in their
        possession and/or that of its distributors (if any) using the Candygram
19      name.  In addition, Global Apogee demands that Sugarfina and its
        retail outlets, distributors/agents immediately provide a detailed
20      accounting of all monies, including profits, it has received from the
        sale of any product associated, whether directly or indirectly, with the
21      Candygram name (or any similar name).

22      20.    By letter of counsel dated May 2, 2018, Sugarfina stated that it "will

23  not comply with any of the demands made in your letter."  On information and

24  belief, Sugarfina has continued to utilize the CANDY-GRAM trademark on its

25  website and in its retail stores following its receipt of Global Apogee's demand

26  letter and to date.

27  / / /

28  / / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## The Defendants' Willful and Continuing Infringement

21.   On information and belief, Sugarfina commenced its misappropriation of the Candygram name no later than February 2018.  Its misappropriation has occurred, at a minimum, in its retail outlets and through its Internet presence.

22.   The willful and continuing misappropriation of the CANDY-GRAM trade name is a pervasive part of every aspect of Sugarfina's sales cycle, from advertising and marketing, to promotion and sales and to delivery and fulfillment as well as its business channels, including direct online sales, direct sales through their retail outlets and sales through third parties.

23.   In at least three ongoing civil proceedings Sugarfina has represented to this Court that "Sugarfina products. . . .have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing. . . ." and "Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world." [2]   In each of these proceedings, Sugarfina has also represented to this Court that the infringement of its intellectual property rights has and will cause irreparable damage to its business.

24.   Through its advertising and marketing efforts, including the use of sophisticated Search Engine Optimization ("SEO") techniques, Sugarfina has intentionally endeavored to "capitalize on the existing distribution channels, including social media and internet marketing" to maximize the association of the registered CANDY-GRAM trade name with its products.  For example, by intentionally manipulating its SEO to feature the CANDY-GRAM trade name, Sugarfina has gained a top position with Google in searches for "Candygram".

---

[2]  *See Sugarfina, Inc. v. Sweet Pete's LLC et al.*, Case No. 2:17-cv-4456 at para. 24-25; *Sugarfina, Inc. v. Deborah Lilly et al.*, Case No.: 2:17-cv-8823 at para. 23-24; and *Sugarfina, Inc. v. Sweitzer LLC* et al., Case No.: 2:17-cv-07950 at para. 21-22.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  Indeed, a Google search of the word "Candygram" produces the following first

2  page entry:

3  CandyGram | A Luxury Candy Boutique - Sugarfina
   https://www.sugarfina.com/candygram

5  Sugarfina's intent to misappropriate the CANDY-GRAM trade name is evident

6  from the fact that the lead Metaword in the string is "CandyGram", not Sugarfina.

7  Moreover, it is also noteworthy that the reference is to CandyGram as "A Luxury

8  Candy Boutique", thus leaving no doubt that Sugarfina is intentionally representing

9  to the public that its "Candygram" is a "boutique" candy *product* and not merely as

10  a *delivery service*.

11       25.    Global Apogee has been advised by an SEO expert that a key reason

12  for Sugarfina's preferred placement in Google is that the word "Candygram" is

13  used liberally in the website metawords and on its public-facing website pages.  As

14  shown above, the Metawords associated with the Sugarfina Home Page are

15  "CandyGram | A Luxury Candy Boutique - Sugarfina."  In addition, as shown

16  below, Sugarfina's top ranking in Google searches for the word "Candygram" is

17  facilitated by the fact that the word "Candygram" is a featured option in the

18  Sugarfina Home Page menu bar.

19                      Sugarfina Home Page
20                      (www.sugarfina.com)



23       26.    Moreover, there is also no doubt whatsoever that Sugarfina's use of

24  the CANDY-GRAM trade name is an essential part of its online and retail sales

25  strategy.  Indeed, as shown below, the "SEND THIS CANDYGRAM" radio button

26  is used as the means to purchase each and every variety of Sugarfina candy on the

27  linked Candygram Page:

-8-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Candygram Link From Sugarfina Home Page
([www.sugarfina.com/candygram](www.sugarfina.com/candygram))



how it works



**YOU PICK THE GIFT**

All you need is their email. Choose the gift size, write a note, send it now or schedule it for later.

Learn More



**THEY CHOOSE THE CANDY**

They'll receive your gift via email, pick their favorite candies and provide their shipping address.

Learn More



**WE DELIVER SWEETNESS**

We ship the perfect gift right to their door, beautifully packaged and filled with delicious artisan candy.

Learn More

choose a gift

**SIGNATURE 3-PIECE CANDY BENTO BOX®**
$33.95
includes tax and shipping

SEND THIS CANDYGRAM

Product Details

**"HAPPY BIRTHDAY" 3-PIECE CANDY BENTO BOX®**
$33.95
includes tax and shipping

SEND THIS CANDYGRAM

Product Details

**"THANK YOU" 3-PIECE CANDY BENTO BOX®**
$33.95
includes tax and shipping

SEND THIS CANDYGRAM

Product Details





SIGNATURE 8-PIECE CANDY
BENTO BOX®
$72.95
includes tax and shipping

"HAPPY BIRTHDAY" 8-PIECE
CANDY BENTO BOX®
$72.95
includes tax and shipping

"XOXO" 8-PIECE CANDY
BENTO BOX®
$72.95
includes tax and shipping

SEND THIS CANDYGRAM

SEND THIS CANDYGRAM

SEND THIS CANDYGRAM

Product Details

Product Details

Product Details




SIGNATURE 4-PIECE
CANDY BENTO BOX®
$41.95
includes tax and shipping

"XOXO" 4-PIECE CANDY
BENTO BOX®
$41.95
includes tax and shipping

SEND THIS CANDYGRAM

SEND THIS CANDYGRAM

Product Details

Product Details

27.   The misappropriation of the CANDY-GRAM trade name is also manifest at Sugerfina's retail stores.   Depicted below, is the kiosk found in Sugarfina retail stores.   Note the   prominent display the CANDY-GRAM trade name on the front of the kiosk:

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES



On information and belief, customers using these Candygram kiosks are able to purchase and send Sugarfina candy products—which are designated as "Candygrams"—along with emails and a greeting card featuring the CANDY-GRAM trade name.

28.     Sugarfina's misappropriation of the CANDY-GRAM trade name is also a pervasive part of the delivery and fulfillment process. Customers who order from Sugarfina online receive the following confirming email confirming that the Sugarfina candy product, which is identified as a "CandyGram" "is on its way":

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8



9
10
11

This email confirm that order is followed-up by another email notifying the sender when the intended recipient redeems the Sugarfina candy product.  This email also prominently displays the CANDY-GRAM trade name:

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES

29.     The final step in the sales process is the delivery of the redeemed Sugarfina product.  As shown below, the package containing this product not only depicts the misappropriated CANDY-GRAM trade name, it does so more times and in a bold capital lettered font that is far larger and more visible than standard case unbolded font depicting the Sugarfina name:



CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES

30. Sugarfina has, willfully and with ill motives, designed and implemented a comprehensive strategy and plan, which starts with advertising and marketing, continues through promotion and sales and ends with delivery and fulfillment, that diligently and comprehensively misappropriates the CANDY-GRAM trade name and uses that trade name for Sugarfina's unlawful economic benefit.

31. In addition to Sugarfina's infringement of the Global Apogee trademark as it applies to the sale of candy, Sugarfina is also infringing on Global Apogee's trademark for the use of the CANDY-GRAM trade name in connection with greeting cards. Pictured below is the greeting card that is sent electronically to persons receiving Sugarfina candies:



32. In addition to its website sales, Sugarfina sells its candies through a variety of third party brick and mortar retail stores and hotels. On information and belief, many of the customers purchasing Sugarfina products in these retail outlets became aware of the availability of those products by searching the term "Candygram" on the Internet, finding Sugarfina and then finding the retail outlet through the "Store Locator" functionality on the Sugarfina website. As such, each

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

of these retail outlets is benefitting directly from the misappropriation of the registered CANDY-GRAM trademark, in its sales of the Sugarfina products that are identified as "Candygrams" on the Sugarfina website, in its sales of any other Sugarfina products and from its name recognition and sales generally.[3]

33.    On information and belief, each of the individual defendants, who serve as co-founders and as co-CEO's of Sugarfina were personally and directly involved in each of the decisions to regarding the infringing uses of the Candygram name.[4]

34.    Global Apogee's goodwill among consumers is closely tied to the Candygram name and the reputation for quality that it has developed over the past several decades. Defendant's flagrant and relentless copying of Global Apogee's intellectual property rights not only allows Defendant to benefit from Global Apogee's investment, but it also threatens to diminish the very important goodwill that Global Apogee has cultivated. The value of such goodwill is evident in part in the growth in Sugarfina's revenues that has occurred since Sugarfina misappropriated Global Apogee's intellectual property.

## COUNT I
## Federal Trademark Infringement
## Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114
## (Against All Defendants)

35.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

---

[3]  Global Apogee will, as appropriate to the facts discovered, amend this complaint to add one or more of these third party brick and mortar retail stores and/or hotels as defendants.

[4]  It is highly likely that each of these decisions was known to and approved by the Sugarfina Board of Directors.  The membership of the Sugarfina Board of Directors includes at least two partners at Great Hill Partners, a Boston, Massachusetts private equity firm that invested at least thirty five million dollars into Sugarfina in 2017.  Global Apogee will, as appropriate to the facts discovered, amend this complaint to add Great Hill Partners and/or the partners at Great Hill Partners who serve on the board as defendants.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

36.   As set forth above, the CANDY-GRAM trademark has been in continual use in interstate commerce in connection with the sales of candy and greetings cards since the registration was issued in 1995.  The registration has been renewed, as required, every ten years since the date of issue and Global Apogee's timely filed Section 15 Declaration of Incontestability.

37.   The CANDY-GRAM trademark has acquired secondary meaning and distinctiveness and has been associated in the mind of the public with products created and sold by Global Apogee for at least two decades.

38.   On information and belief, commencing in or about February 2018 and, perhaps earlier, Defendants have used the Candygram name in connection with the advertisement, promotion, sale and delivery of assorted candies and associated messages and other goods on Defendant Sugarfina's website and in Sugarfina-owned retail stores and other retail stores across the United States.

39.   Defendants' use has occurred in the full knowledge of the registration of the CANDY-GRAM trademark held by Global Apogee.

40.   Defendants' use of the registered CANDY-GRAM trademark (without the hyphen) to advertise, promote, and sell Defendant's candy and related product is without the consent of Global Apogee.

41.   Defendants continue to use the registered CANDY-GRAM trademark (without the hyphen) to date.  Defendants have failed and refused to cease and desist from such use following its receipt of a demand to do so from Global Apogee.

42.   Defendants' use of the registered CANDY-GRAM trademark as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that to Defendants' candies and greeting cards are the same as Global Apogee's candies and greeting; (c) that Defendants are somehow affiliated with Global Apogee or that the Plaintiff has endorsed, authorized, sponsored, approved or otherwise associated itself with the Defendants or their counterfeit

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

products; or that (d) that Defendants are authorized by Global Apogee to sell Candygrams.  These outcomes create an unjust economic benefit to Defendants.

43.    Defendants' use of the registered CANDY-GRAM trademark as Candygram constitutes an unlawful use in interstate commerce.

44.    Defendants' conduct constitutes trademark infringement and counterfeiting in violation in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

45.    Defendants' acts are knowing, intentional, wanton and willful and were undertaken with malice and with a disregard for the impact that they would have on Global Apogee.

46.    Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

47.    By reason of the foregoing, Global Apogee has suffered and will continue to suffer irreparable harm and damages for which Global Apogee has no adequate remedy at law, including damage to Global Apogee's goodwill. Therefore, Global Apogee is entitled to injunctive relief.

48.    By reason of the foregoing acts of trademark infringement, Global Apogee has been harmed in an amount not yet ascertained.  Defendants' knowing and continued use of Global Apogee's trademark without consent or authorization entitle Global apogee to injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117, including damages and profits in an amount not less than five million dollars ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment interest.

**COUNT TWO**
**Federal Trademark Dilution**
**Violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**
**(Against All Defendants)**

49.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-17-

50.    Global Apogee is the exclusive owner of the CANDY-GRAM registered trademark.

51.    The CANDY-GRAM trademark has been in continuous use in interstate commerce for at least two decades.  It has gained widespread publicity and public recognition across the United States.  The CANDY-GRAM trademark plays a prominent role in Global Apogee's marketing, advertising and the popularity of its products across many different media.  As a result, the CANDY-GRAM trademark has become famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52.    Based on the Global Apogee's advertising, sales, and the popularity of its own products, the CANDY-GRAM trademark has acquired secondary meaning and distinctiveness so that the public associates the trademark exclusively with Global Apogee.

53.    The CANDY-GRAM trademark had become famous and distinctive long before the Defendants' infringing behavior commenced.

54.    Global Apogee has a federal registration for the CANDY-GRAM trademark, which has been dutifully maintained since the registration issued.

55.    Global Apogee has not licensed or otherwise authorized the Defendants' use of the CANDY-GRAM trademark.

56.    Defendants' sale of goods that use the CANDY-GRAM trademark, as Candygram, constitutes an unlawful use in commerce.

57.    As a result of Defendants' unlawful use of the CANDY-GRAM trademark, as Candygram, in interstate commerce, consumers are likely to locate and purchase the Defendants' products in the erroneous belief that the Defendants are associated with, endorsed by, sponsored by or affiliated with Global Apogee, and/or that Global Apogee is the source of those products.

58.    Defendants' use of the CANDY-GRAM trademark, as Candygram, dilutes and/or is likely to dilute the distinctive quality of that trademark and to

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-18-

lessen the capacity of the CANDY-GRAM trademark to identify and distinguish Global Apogee's goods.

59.    Defendants' acts have caused and will continue to cause irreparable injury to Global Apogee.

60.    By reason of the foregoing acts, Global Apogee has been harmed in an amount not yet ascertained.  Sugarfina's knowing and continued use of Global Apogee's trademark without consent or authorization entitle Global apogee to injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117, including damages and profits in an amount not less than five million dollars ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment interest.

## COUNT THREE
### Unfair Competition, Trade Dress Infringement and False Designation of Origin Violation of Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a)
### (Against All Defendants)

61.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

62.    As set forth above, Defendants have used the Candygram name in connection with the advertisement, promotion and sale of assorted candies and other goods that are covered by the registration associated with the CANDY-GRAM trademark held by Global Apogee on its website and in retail stores across the United States.

63.    Defendants have incorporated and used the Candygram name in its website, both as a matter of the consumer-facing text and in its SEO.

64.    Defendants' use of the Candygram name has occurred in the full knowledge of the registration of the CANDYGRAM trademark held by Global Apogee.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-19-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

65.     Defendants' use of the registered CANDYGRAM trademark, as Candygram, to advertise, promote, and sell Defendant's candy and related product is without the consent of Global Apogee.

66.     Defendants continue to use the registered CANDY-GRAM trademark, as Candygram, to date and they have refused to cease and desist from such use following their receipt of a demand to do so from Global Apogee.

67.     Defendants have used the Global Apogee trademark on goods with the express intent to trade upon the reputation of the goods sold by Global Apogee under the CANDY-GRAM trademark and to improperly appropriate to themselves the goodwill and valuable trademark rights of Global Apogee.

68.     Defendants' use of the registered CANDYGRAM trademark, as Candygram, as set forth above, is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that to Defendants' candies and related products are the same as Global Apogee's candies and related products; (c) that Defendants are somehow affiliated with Global Apogee or that the Plaintiff has authorized, endorsed, sponsored, approved or otherwise associated itself with the Defendants or their counterfeit products; or that (d) that Defendants are authorized by Global Apogee to sell Candygrams.  These outcomes create an unjust economic benefit to Defendants.

69.     By reason of the foregoing acts, Global Apogee has been harmed in an amount not yet ascertained.  Defendants' knowing and continued use of Global Apogee's trademark without consent or authorization entitles Global Apogee to injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117, including damages and profits in an amount not less than five million dollars ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment interest.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## COUNT FOUR
### California Common Law Unfair Competition
#### (Against All Defendants)

70.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

71.    As set forth above, Defendants have used the Candygram name in connection with the advertisement, promotion and sale of assorted candies and other goods that are covered by registrations associated with the registered CANDY-GRAM trademark held by Global Apogee on its website and in retail stores across the United States.

72.    Defendants' use has occurred in the full knowledge of the registration of the CANDY-GRAM trademark held by Global Apogee.

73.    Defendants' use of the registered CANDYGRAM trademark, as Candygram, to advertise, promote, and sell Defendants' candy and related product is without the consent of Global Apogee.

74.    By marketing, advertising, promoting, and selling in violation of Global Apogee's trademark rights and infringing the trademark and/or otherwise dealing in the infringing activities, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of California common law.

75.    Defendants' marketing, advertising, promoting, and selling infringing products and infringing the trademark is in violation and derogation of Global Apogee's rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants and the goods of Global Apogee, thereby causing loss, damage, and injury to Global Apogee and the purchasing public.

76.    Defendants' conduct was intended to cause such loss, damage, and injury.

/ / /

77.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling, and dealing in and its continuing marketing, advertising, promoting, selling and dealing in the infringing products and infringing the trademark would cause confusion, mistake, and deception among purchasers, users, and the public.

78.    By marketing, advertising, promoting, selling, and dealing in the infringing goods and by infringing the trademark, and the continuing marketing, advertising, promoting, selling, and dealing in infringing products, Defendants intended to and induced and intends to and will induce customers to purchase Defendants' products by trading off the extensive goodwill developed by Global Apogee.

79.    Defendants' conduct has been knowing, deliberate, willful, intended to deceive and cause confusion, or to cause mistake, and is in disregard of Global Apogee's rights.

80.    Defendants' wrongful conduct as alleged in this Complaint has permitted or will permit Defendants to make substantial sales and profits on the strength of Global Apogee's trademarks and the strength of Global Apogee's marketing, advertising, sales, and consumer and trade recognition. Such conduct further damages the CANDY-GRAM name and brand by creating confusion in the consumer and trade marketplace as to the origin of such products and contributes to Defendants' building a brand on the strength of the CANDY-GRAM name and image.

81.    As a direct and proximate cause of Defendants' conduct, as alleged herein, Global Apogee has been and will be deprived of sales of its Products in an amount not less than five million dollars ($5,000,000) but to be evidenced at trial and has been deprived and will be deprived of the value of its trademark as a commercial asset in an amount as yet unknown but to be determined at trial.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

82.    Global Apogee seeks an order granting Defendants' profits stemming from their infringing activities and their actual and/or compensatory damages.

83.    Global Apogee has no adequate remedy at law for Defendants' continuing violation of its rights as set forth above. Global Apogee therefore seeks preliminary and permanent injunctive relief.

84.    Global Apogee seeks exemplary or punitive damages for Defendants' intentional misconduct.

**COUNT FIVE**
**Unfair Competition; Cal. Bus. & Prof. Code § 17200, *et seq.***
**(Against All Defendants)**

85.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

86.    As stated above, Defendants' conduct is likely to cause confusion as to the origin, authorization, authenticity, and sponsorship of the products being manufactured, advertised, distributed, offered for sale, and sold by Defendants. The above-described conduct of Defendants is intended to produce and likely has produced substantial profits for Defendants at the expense of Global Apogee and to the detriment of the integrity of the CANDY-GRAM brand.   For example, Defendants have engaged in unfair competition and caused confusion among dealers and consumers of CANDY-GRAM products including, without limitation, by representing in advertising and marketing materials, including in retail stores and on websites, that CANDY-GRAM is owned or controlled by Defendants.

87.    As a result, Global Apogee has incurred damages including loss of market share, injury to business reputation, loss of control over its brand and image, and lost sales and royalties.

88.    The above-described conduct of Defendants constitutes unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code sections 17200, *et seq.*

/ / /

CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

89.     Global Apogee has lost money and suffered substantial injury as a result of Defendants' wrongful acts. This misconduct also has caused, and is continuing to cause, irreparable injury to Global Apogee for which there is no adequate remedy at law. Global Apogee seeks an injunction and restitution.

90.     By reason of the foregoing acts, Global Apogee has been harmed in an amount not yet ascertained.  Defendants' knowing and continued use of Global Apogee's trademark without consent or authorization entitles Global Apogee to injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117, including damages and profits in an amount not less than five million dollars ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment interest.

**COUNT SIX**
**Common Law Infringement of Trademark**
**(Against All Defendants)**

91.     Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

92.     On information and belief, commencing in or about February 2018 and, perhaps earlier, Defendants have used the CANDY-GRAM name, as Candygram, in connection with the advertisement, promotion, sale and delivery of assorted candies and associated messages on its website and in Defendants-owned retail stores and other retail stores across the United States.

93.     Defendants' use has occurred in the full knowledge of the registration of the CANDY-GRAM trademark held by Global Apogee.

94.     Defendants' use of the registered CANDY-GRAM trademark, as Candygram, to advertise, promote, and sell Defendants' candy and related product is without the consent of Global Apogee.

95.     Defendants continue to use the registered CANDY-GRAM trademark, as Candygram, to date.  Defendants have failed and refused to cease

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES

1   and desist from such use following their receipt of a demand to do so from Global

2   Apogee.

3       96.    Defendants' use of the registered CANDY-GRAM trademark, as

4   Candygram, as set forth above is likely to: (a) cause confusion, mistake and

5   deception; (b) cause the public to believe that to Defendants' candies and related

6   products are the same as Global Apogee's candies and related products; (c) that

7   Defendants are somehow affiliated with Global Apogee or that the Plaintiff has

8   endorsed, authorized, sponsored, approved or otherwise associated itself with the

9   Defendants or their counterfeit products; or (d) that Defendants are authorized by

10  Global Apogee to sell CANDY-GRAMs.    These outcomes create an unjust

11  economic benefit to Defendants.

12      97.    Defendants' use of the registered CANDY-GRAM trademark, as

13  Candygram, constitutes an unlawful use in interstate commerce.

14      98.    Defendants' acts are knowing, intentional, wanton and willful and

15  were undertaken with malice and with a disregard for the impact that they would

16  have on Global Apogee.

17      99.    Defendants' acts have caused, and will continue to cause, irreparable

18  injury to the Plaintiff.

19      100.   The above-described misconduct by Defendants constitutes

20  trademark infringement in violation of the common law of the State of California,

21  causing substantial, irreparable injury to Global Apogee for which there is no

22  adequate remedy at law.

23      101.   By reason of the foregoing acts, Global Apogee has been harmed in

24  an amount not yet ascertained.  Defendants' knowing and continued use of Global

25  Apogee's trademark without consent or authorization entitles Global Apogee to

26  injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117,

27  including damages and profits in an amount not less than five million dollars

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1   ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment

2   interest.

3                                     **COUNT SEVEN**
                       **Common Law Infringement of Service Mark**
4                              **(Against All Defendants)**

5       102.    Global Apogee incorporates by reference each of the factual

6   allegations set forth in the previous paragraphs.

7       103.    On information and belief, commencing in or about February 2018

8   and, perhaps earlier, Defendants have used the CANDY-GRAM name, as

9   Candygram, in connection with the delivery of assorted candies and associated

10  messages on its website and in Defendants-owned retail stores and other retail

11  stores across the United States.

12      104.    Defendants' use has occurred in the full knowledge of the use by

13  Global Apogee of the CANDY-GRAM name in connection with the delivery of

14  Candygram products.

15      105.    Defendants' use of the CANDY-GRAM service mark, as

16  Candygram, in association with the delivery of Candygram products is without the

17  consent of Global Apogee.

18      106.    Defendants continue to use the CANDY-GRAM service mark, as

19  Candygram, to date.  Defendants have failed and refused to cease and desist from

20  such use following their receipt of a demand to do so from Global Apogee.

21      107.    Defendants' use of the CANDY-GRAM service mark, as

22  Candygram, as set forth above is likely to: (a) cause confusion, mistake and

23  deception; (b) cause the public to believe that to Defendants' candies and greeting

24  cards, as well as the delivery of those candies and greetings cards, are the same as

25  Global Apogee's; (c) that Defendants are somehow affiliated with Global Apogee

26  or that the Plaintiff has endorsed, authorized, sponsored, approved or otherwise

27  associated itself with the Defendants or their counterfeit products and services; or

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

(d) that Defendants are authorized by Global Apogee to sell CANDY-GRAMs and related services.  These outcomes create an unjust economic benefit to Defendants.

108.    Defendants' use of the CANDY-GRAM service mark, as Candygram, constitutes an unlawful use in interstate commerce.

109.    Defendants' acts are knowing, intentional, wanton and willful and were undertaken with malice and with a disregard for the impact that they would have on Global Apogee.

110.    Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

111.    The above-described misconduct by Defendants constitutes an infringement of Global Apogee's service mark in violation of the common law of the State of California, causing substantial, irreparable injury to Global Apogee for which there is no adequate remedy at law.

112.    By reason of the foregoing acts, Global Apogee has been harmed in an amount not yet ascertained.  Defendants' knowing and continued use of Global Apogee's service mark without consent or authorization entitles Global Apogee to injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117, including damages and profits in an amount not less than five million dollars ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment interest.

## COUNT EIGHT
### Tortious Interference with Prospective Business Relationship
### (Against All Defendants)

113.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

114.    As set forth above, Defendants have used the registered CANDY-GRAM trademark and the unregistered Candygram service mark, as Candygram,

in connection with the advertisement, promotion, sale and delivery of assorted candies and greeting cards.

115.  Defendants have incorporated and used the Candygram name in its website, both as a matter of the consumer-facing text and in its SEO.

116.  Defendants' use of the CANDY-GRAM trademark and the unregistered Candygram service mark, as Candygram, has occurred in the full knowledge of the registration of the CANDY-GRAM trademark held by Global Apogee.

117.  Defendants' use of the CANDY-GRAM trademark and the unregistered Candygram service mark, as Candygram, to advertise, promote, and sell Defendants' candy and related product is without the consent of Global Apogee.

118.  Defendants continue to use the CANDY-GRAM trademark and the unregistered Candygram service mark, as Candygram, to date and they have refused to cease and desist from such use following their receipt of a demand to do so from Global Apogee.

119.  Defendants have used the CANDY-GRAM trademark and the unregistered Candygram service mark, as Candygram, with the intent to trade upon the reputation of the goods sold by Global Apogee and to improperly appropriate to themselves the goodwill, business, customers and the prospective customers of Global Apogee.

120.  As the owner of the CANDY-GRAM trademark and the unregistered Candygram service mark, Global Apogee possesses a valid business expectancy that it has and that it will have the exclusive use of that intellectual property in connection with its business activities and without the interference of third parties, including Defendants.

121.  Defendants knew or should have known of Global Apogee's valid business expectancy and of the damages they would cause to the goodwill,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

business, customers and the prospective customers by the misappropriation of the CANDY-GRAM trademark and the unregistered Candygram service mark.   By promoting, selling and delivering assorted candies and other goods, on their website and in retail stores across the United States through the use of the CANDY-GRAM trademark and the unregistered Candygram service mark, as Candygram, Defendants intentionally interfered with Global Apogee's valid expectancy that it would have the exclusive right to sell and delivery the described goods to customers through the CANDY-GRAM name.

122.   Defendants cannot provide any legitimate justification for their intentional interference with Global Apogee's valid business expectancies.

123.   As a direct and proximate cause of Defendants' unlawful conduct, Global Apogee has suffered, and will continue to suffer, damages, in an amount yet to be determined, but reasonably believed to be at least an amount exceeding five million dollars ($5,000,000).

124.   Defendants' conduct was willful, malicious and oppressive and was undertaken with deliberate disregard for Global Apogee's rights and the impact it would have on Global Apogee's business. Global Apogee is therefore entitled to, and accordingly requests, an award of exemplary and punitive damages.

**COUNT NINE**
**Unjust Enrichment**
**(Against All Defendants)**

125.   Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

126.   Global Apogee has dedicated substantial time and resources in connection with the establishment, registration, advertising and promotion of the CANDY-GRAM trademark and the unregistered Candygram service mark.

127.   Global Apogee undertook those actions in an effort to establish the CANDY-GRAM trademark and the unregistered Candygram service mark and

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

brand in the eyes of the consuming public and to establish and to monetize the goodwill and sales associated with the CANDY-GRAM brand.

128.  Defendants' actions have directly interfered with Global Apogee's ability to achieve those lawful objectives, denying Global Apogee the economic benefits associated therewith.

129.  Defendants have also been enriched by their unlawful access to and use of the CANDY-GRAM trademark and the unregistered Candygram service mark, *inter alia*, by creating confusion in the public as to the origin of Defendant's products and thereby siphoning off revenues associated with the registered CANDY-GRAM trademark and brand that rightfully belong to Global Apogee.

130.  Defendants have been unjustly enriched by their unlawful activities. Equity and good conscience require the Defendants to make restitution in an amount equal to their improper gains, which amount is reasonably believed to exceed five million dollars ($5,000,000).

## PRAYER FOR RELIEF

**WHEREFORE**, Global Apogee respectfully requests that the Court order the following relief:

A.    That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting with them in concert be enjoined with and them be enjoined and restrained from:

(1) using any reproduction, any reproduction, counterfeit, copy, or colorable imitation of the CANDY-GRAM trademark in connection with the sale of any goods or the rendering of any services not authorized by Global Apogee;

(2) engaging in any course of conduct likely to cause confusion, deception or mistake,  or injure Global Apogee's business reputation or weaken the distinctive quality of the registered CANDY-GRAM trademark;

(3) using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods

-30-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  as being those of Global Apogee or sponsored by, endorsed by or associated with
2  Global Apogee and from offering such goods in in commerce;

3  (4) further infringing the CANDY-GRAM trademark by manufacturing,
4  producing, distributing, circulating, selling, marketing, offering for sale,
5  advertising, promoting, or displaying the registered CANDY-GRAM trademark;

6  (5) using any simulation, reproduction, copy or colorable imitation of the
7  registered CANDY-GRAM trademark in connection with the promotion,
8  advertisement, display, sale, offering for sale, manufacture, production, circulation
9  or distribution of any unauthorized products in any fashion as to relate or connect,
10 or tend to relate or connect, such products in any way to Global Apogee, or to any
11 goods sold, manufactured, sponsored, endorsed or approved by, or connected with
12 Global Apogee;

13 (6) making any statement or representation whatsoever, or using any false
14 designation of origin or false description, or performing any act, which can or is
15 likely to lead the trade or public, or individual members thereof, to believe that any
16 products manufactured, distributed, or offered for sale, Defendants are in any way
17 associated or connected with Global Apogee, or are sold, manufactured, licensed,
18 sponsored, endorsed, approved or authorized by Global Apogee;

19 (7) engaging in any conduct constituting an infringement of the registered
20 CANDY-GRAM trademark or Global Apogee's rights therein, or to use or to
21 exploit, the CANDY-GRAM trademark in any form, or constituting any
22 weakening of Global Apogee's name, reputation or goodwill;

23 (8) using or continuing to use Global Apogee's registered CANDY-GRAM
24 trademark or trade name or any variation thereof on the Internet either in the text of
25 a website, as a domain name, as a key word, search word, metatag, or any part of
26 the description of the of site in any site submission for a registration of Internet site
27 with a search engine or index, in connection with any goods or services not directly
28 not authorized by Global Apogee;

-31-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1   (9) hosting or acting as an Internet Service Provider for, or operating any

2   websites offering for sale any products bearing counterfeits of the CANDY-

3   GRAM trademark in any form;

4   (10) using any email addresses to offer for sale any nongenuine products

5   bearing products as counterfeits of the of CANDY-GRAM trademark in any form;

6   (11) having any connection whatsoever with any websites that offer for sale

7   any  merchandise bearing counterfeits of the registered CANDY-GRAM trademark

8   in any form;

9   (12) secreting, destroying, altering, removing, or otherwise dealing with the

10   unauthorized products or any books or records which contain any information

11   relating to the importing, manufacturing, producing, distributing, circulating,

12   selling, marketing, offering for sale, advertising, or promoting, or displaying

13   unauthorized products which products infringe the registered CANDY-GRAM

14   trademark in any form; and

15   (13) effecting assignments or transfers, forming new entities or associations

16   or utilizing any other device for the purpose of circumventing or otherwise

17   avoiding the prohibitions set forth in subparagraphs (1) through (13).

18   B.   Directing that Defendants, within ten (10) (days of Judgment, take all

19   steps necessary to remove from all websites they own or control, including, but not

20   limited to www.Sugarfina.com, and text and or all other text media offering for

21   sale any products associated with the registered CANDY-GRAM trademark.

22   C.   Directing that Defendants, within thirty (30) days of Judgment, file

23   and serve Global Apogee with a sworn statement setting forth in detail the manner

24   in which in Defendants have complied with this injunction pursuant to U.S.C. §

25   1116(a).

26   D.   Directing that Defendants deliver up for destruction to Global Apogee

27   all unauthorized products and advertisements in their possession or under their

28   control bearing the registered CANDY-GRAM trademark or any simulation,

1   reproduction, counterfeit, copy or colorable imitation thereof, all matrices plates,

2   and molds, and other means of production pursuant to 15 U.S.C. §1118.

3       E.      Directing such other such relief as the Court may deem appropriate to

4   prevent the trade and the public from deriving any erroneous impression that any

5   products manufactured or sold or otherwise circulated or promoted by Defendants

6   are authorized by Global Apogee or related in any way to Global Apogee's

7   products.

8       F.      Requiring Defendants to pay to Global Apogee such damages Global

9   Apogee has sustained as a consequence of Defendants' willful infringement of the

10  CANDY-GRAM trademark and unfair competition and to account for and to

11  account for all gains, profits and advantages and advantages derived by Defendants

12  from the sale of infringing merchandise bearing the registered CANDY-GRAM

13  trademark, including all: (a) statutory damages in damages an up to $1,000,000 for

14  each act of infringement as provided under 15 U.S.C. of § 1117(c) of the Lanham

15  Act and D.C. Code § 28-3904 (2013), and/or, at Global Apogee's election, an

16  amount representing Defendants' illicit revenues (or any lesser amount Defendants

17  establish as their "profits", which are believed to exceed twenty-five million

18  dollars ($25,000,000) and five million dollars ($5,000,000), respectively, on an

19  annualized basis, whichever is greater; (b) the damages caused to Global Apogee

20  as a result of Defendants' unlawful conduct, which are believed to exceed an

21  additional five million dollars ($5,000,000) on an annualized basis; and (c)

22  reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to

23  15 U.S.C. § 1117(b).

24      G.      An award to Global Apogee of treble, exemplary, and/or punitive

25  damages.

26      H.      Ordering that Global Apogee be reimbursed for the costs of this action

27  together with reasonable attorneys' and investigators' fees and pre-judgment and

28  post-judgment interest in accordance with 15 U.S.C. §1117.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

CASE NO: TBA
PLAINTIFF GLOBAL APOGEE'S COMPLAINT FOR DAMAGES

I.      Ordering that, pursuant to U.S.C.S. §523(a)(6), Defendants be prohibited from a discharge from a under discharge under 11 U.S.C.S. §727 for, malicious, willful and fraudulent injury to Global Apogee.

J.      Directing that this Court retain jurisdiction over this action for the purpose of enabling Global Apogee to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the violations thereof.

K.      Awarding to Global Apogee for such other relief as the Court may deem just and proper, and together with the costs and disbursements which Global Apogee has incurred in connection with this action.

Dated: June 11, 2018                    GORDON REES SCULLY MANSUKHANI LLP

                                        By:   /s/ Keith C. Cramer
                                              Keith C. Cramer
                                              Attorney for Plaintiff  GLOBAL
                                              APOGEE

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101