O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL APOGEE, a Wyoming Corporation<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUGARFINA, INC., a Delaware Corporation, JOSHUA REZNICK, an individual, ROSIE O'NEILL, an individual, DOES 1-10 and UNKNOWN ENTITIES 1-10,<br><br>　　　　　Defendants. | CV 18-5162-RSWL-E<br><br>**ORDER re: Defendant's Motion to Dismiss** [9 ] |

Currently before the Court is Defendant Sugarfina, Inc.'s ("Defendant") Motion to Dismiss ("Motion") [9]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

**I. BACKGROUND**

**A. Factual Background**

Plaintiff is the holder of the registered "CANDY-GRAM" trademark ("CANDY-GRAM"), No. 1,943,440. Compl. ¶ 15, ECF No. 1. The registration covers "Candy" in Class 30 and "Greeting Cards" in Class 16. Id. Plaintiff has used CANDY-GRAM continuously in interstate commerce in connection with the sales of candy and greeting cards since it was issued in 1995, and has renewed it every ten years. Id. ¶ 17. Plaintiff uses CANDY-GRAM on its website, www.candygram.com, and in its 800-candygram toll number. Id. ¶ 18.

Defendant is a luxury candy boutique. Id. ¶ 9. Defendant's website features the option "Candygram," which allows customers to send candy products with messages through their website and in-store kiosks. Id. ¶¶ 26-27. Plaintiff contends that no later than February 2018, Defendant began infringing on Plaintiff's CANDY-GRAM mark as well as its common law rights to the CANDY-GRAM service mark. Id. ¶ 2.

Plaintiff sent a cease and desist letter to Defendant on April 26, 2018, regarding Defendant's alleged trademark infringement, but Defendant has refused to comply with the request. Id. ¶¶ 19-20.

**B. Procedural Background**

On June 11, 2018, Plaintiff filed its Complaint [1]

against Defendant, among others,[1] alleging the following claims:

    1) Federal Trademark Infringement

    2) Federal Trademark Dilution

    3) Unfair Competition, Trade Dress Infringement, and False Designation of Origin

    4) California Common Law Unfair Competition

    5) Unfair Competition under Cal. Bus. & Prof. Code

    6) Common Law Infringement of Trademark

    7) Common Law Infringement of Service Mark

    8) Intentional Interference with Prospective Business Relationship

    9) Unjust Enrichment

On July 31, 2018, Defendant filed its Motion to Dismiss [9]. Plaintiff timely opposed [12], and Defendant timely replied [13].

## II. DISCUSSION

**A.** **<u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v.</u>

---

[1] Plaintiff is also suing the following Defendants not parties to this Motion: co-founders and co-CEOs of Sugarfina, Joshua Teznik and Rosie O'Neill; Does 1-10; and Unknown Entities 1-10. Compl. ¶¶ 10-11, 13-14.

Iqbal, 556 U.S. 662, 678 (2009)(quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)(citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

4

to relief.'" Balistreri, 901 F.2d at 699 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B.  Discussion**

   1.  Request for Judicial Notice

Defendant requests that the Court take judicial notice of the following: (1) the United States Patent and Trademark Office's ("USPTO") registration record of CANDYGRAM; (2) the line, "Candygram for Mongo" in the movie "Blazing Saddles," and references to "candygram" in the Saturday Night Live skit, "Landshark"; (3) articles extending back to the 1980's referencing the term "candygram" in schools and organizations for delivering candy with associated messages; and (4) the Collins' Dictionary definition of "candygram." Def.'s Req. for Judicial Notice, ECF No. 9-6.

Plaintiff does not object to Defendant's Request for Judicial Notice. Moreover, each is appropriate for judicial notice: (1) the trademark record of CANDYGRAM, see Oroamerica Inc. v. D&W Jewelry Co., Inc., 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001)(taking judicial notice of USPTO trademark documents); (2) the lines in "Blazing Saddles" and "Saturday Night Live" as content of television shows or movies, see Weiss v. DreamWorks SKG, No. CV 14-02890-DDP (AJWx), 2015 WL 12711658, at *3-4 (C.D. Cal. Feb. 9, 2015)(taking judicial notice of the content of a television show and screenplay); (3) the articles as publications showing what information was in the public realm at that time, see Von Saher v.

Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010)(taking judicial notice of various publications); and (4) the Collin's Dictionary definition of "candygram," see Gonzalez v. Guzman, No. 17-cv-241-GPC-BGS, 2017 WL 5446087, at *6 n.4 (S.D. Cal. Nov. 14, 2017)("Dictionary definitions are a proper subject for judicial notice."). Thus, the Court **GRANTS** Defendant's Request for Judicial Notice in its entirety.

    2.   Motion to Dismiss

        a.   *Trademark Infringement*

To prevail on a trademark infringement claim under the Lanham Act, a party "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." Network Automation, Inc. v. Advanced Sys. Concepts, 638 F.3d 1137, 1144 (9th Cir. 2011)(citation omitted). The Ninth Circuit considers eight factors, termed the Sleekcraft factors, to determine likelihood of confusion: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8)

likelihood of expansion of the product lines.[2] AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), *abrogated in part on other grounds by* Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 810 (9th Cir. 2003).

It is undisputed that Plaintiff has a valid trademark registration for CANDY-GRAM. Compl. ¶ 15; Reply at 12:19-20. Defendant does not contest the validity of Plaintiff's trademark at this stage, but rather argues that Plaintiff has not pleaded sufficient facts showing a likelihood of confusion. A claim may only be dismissed for failure to allege a likelihood of confusion "if the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely." Murray v. Cable Nat'l Broad Co., 86 F.3d 858, 860 (9th Cir. 1996). However, "[w]hether confusion is likely is a factual determination woven into the law" that courts "routinely treat . . . as [an issue] of fact" best left to the jury. Wahoo Int'l, Inc. v. Phix Doctor, Inc., No. 13cv1395-GPC (BLM), 2014 WL 2864343, at *4 (S.D. Cal. June 24, 2014)(quoting Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1356 n.5 (9th Cir. 1985).

---

[2] The Sleekcraft factors are a non-exhaustive list and only to be used as a guide. See, e.g., Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1030 (9th Cir. 2010)("This eight-factor analysis is 'pliant,' illustrative rather than exhaustive, and best understood as simply providing helpful guideposts.").

7

See also Dita, Inc. v. Mendez, No. CV 10-6277 PSG (FMOx), 2010 WL 5140855, at *5 (C.D. Cal. Dec. 14 2010)(finding arguments to dismiss for failure to establish likelihood of confusion "premature on a motion to dismiss").

While dismissal of pleadings on grounds that likelihood of confusion is impossible from the face of a complaint is not unprecedented, dismissal would be "highly unusual" at this stage. Dita, 2010 WL 5140855, at *5 (citations omitted). For example, of the few instances where dismissal at this stage is appropriate, the marks were obviously dissimilar. See, e.g., Mintz v. Subaru of America, Inc., 716 Fed. Appx. 618, 620 (9th Cir. 2017)(dismissing infringement claims for dissimilar marks "Share the Love" and "A World of Love, for You and Those You Love"); Marvel Enters., Inc. v. NCSoft Corp., No. CV 04-9253-RGK, 2005 WL 878090, at *4 (C.D. Cal. Mar. 9, 2005)("That the terms at question here [(the word mark STATESMAN and the registered mark CAPTAIN AMERICA)] are entirely dissimilar is self-evident.").

Here, Plaintiff alleged it registered CANDY-GRAM, Compl. ¶ 15, providing a presumption of validity that it is not a generic mark. See Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250, 1254 (9th Cir. 1982)("Federal registration of a trademark endows it with a strong presumption of validity. . . [t]he general presumption of validity resulting from federal

registration includes the specific presumption that the trademark is not generic.")(citations omitted). Plaintiff has also alleged Defendant's use of the very same word "candygram," just without the hyphen or with an email symbol in its place. Compl. ¶ 24. Though Defendant includes "by Sugarfina," see id., it is smaller in font size, and the term "candygram" is the more conspicuous mark. See Sleekcraft, 599 F.2d at 351(finding the use of a housemark that is smaller and skewed to one side less conspicuous in comparison to the use of the mark, which serves to indicate the source of origin to the public.) Further, both parties use the terms for the delivery of candy coupled with a message. Compl. ¶¶ 38, 42. While Plaintiff has not alleged any facts that show evidence of actual confusion, it is not required to establish likelihood of confusion. See American Int'l Group, Inc. v. American Int'l Bank, 926 F.2d 829 (9th Cir. 1991)(finding similarity of two companies providing financial services sufficient for likelihood of confusion). Because the parties use the same word in connection with the same type of services, they are not obviously dissimilar. Thus, it is premature to conduct a likelihood of confusion analysis and the marks are related enough to survive a dismissal at this stage.

Defendant argues its use of the mark amounts to a classic fair use defense, which independently defeats Plaintiff's trademark claim. To establish a classic

fair use defense, a defendant must prove: "(1) Defendant's use of the term is not as a trademark or service mark; (2) Defendant uses the term 'fairly and in good faith'; and (3) [Defendant uses the term] 'only to describe' its goods or services." 15 U.S.C. § 1115(b). However, "the classic fair use defense is not available if there is a likelihood of consumer confusion as to the origin of the product." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1151 (9th Cir. 2002). Because the Court is not determining whether there is a likelihood of confusion, it cannot determine whether the classic fair use defense is available to Defendants.

Given that likelihood of confusion is a question of fact, these pleadings are sufficient to withstand a motion to dismiss, and further analysis of the individual Sleekcraft factors is premature at this stage.[3] Therefore, the Court **DENIES** Defendant's Motion

---

[3] The Court notes that in discussing likelihood of confusion, Defendant largely cited to cases deciding the issue on summary judgment, judgment as a mater of law, or preliminary injunction. Defendant cites only a few cases dismissing on 12(b)(6) for failure to plead a likelihood of confusion. Defendant first relies on Infostream Group Inc. v. Avid Life Media Inc., No. CV 12-09315 DDP (AJWx), 2013 WL 6018030, at *3 (C.D. Cal. Nov. 12, 2013), but the court there dismissed the claim relying on the fact that neither the ads or domain names of the sites at issue contained reference to any protected mark. Defendant also relies on Natural Alternatives Int'l, Inc. v. Allmax Nutrition, Inc., 258 F. Supp. 3d 1170, 1179 (S.D. Cal. 2017), however the court there granted a defendants' motion to dismiss because the plaintiff failed to allege that the infringing products came from a source other than Plaintiff,

to Dismiss as to the trademark infringement claim.

      b.  *Trademark Dilution Under the Lanham Act*

To prevail on a dilution claim, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring[4] or dilution by tarnishment[5]." <u>Jada Toys, Inc. v. Mattel, Inc.</u>, 518 F.3d 628, 634 (9th Cir. 2008).

Plaintiff must first allege sufficient facts to state a plausible claim that its mark is "famous," i.e., "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 25 U.S.C. § 1125(c)(2)(A). Here, Plaintiff states in conclusory fashion that its mark is famous and distinctive and had been used long before Defendant began using the mark. Compl. ¶ 53. Plaintiff further alleges, "based on the Global Apogee's advertising, sales, and the popularity of its own conduct, the

---

which is not being argued here.

[4] Dilution by blurring is "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B).

[5] Dilution by tarnishment is "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(c).

11

CANDY-GRAM trademark has acquired secondary meaning and distinctiveness so that the public associates the trademark exclusively with Global Apogee." Id. ¶ 52. Beyond these bare allegations, Plaintiff has not pleaded facts showing its popularity and recognition among the public. Without more, these allegations are insufficient to support a plausible claim of famousness for purposes of Plaintiff's dilution claim.

Moreover, Plaintiff's allegations are a mere recitation of the elements. While Plaintiff does assert that both parties use the Internet as a market channel, Plaintiff does not allege any facts to support a plausible claim that Defendant's use of the mark is likely to cause dilution by blurring or tarnishment. Plaintiff only alleges, "Defendants' use of the CANDY-GRAM trademark, as Candygram, dilutes and/or is likely to dilute the distinctive quality of that trademark and to lessen the capacity of the CANDY-GRAM trademark to identify and distinguish Global Apogee's goods." Id. ¶ 58. Such conclusory allegations are insufficient, thus the Court **GRANTS** Defendant's Motion to Dismiss as to the trademark dilution claim.

    c. *Unfair Competition, Trade Dress*
      *Infringement, and False Designation*

Plaintiff styles its argument under this claim as one for trade dress. To state a claim for trade dress infringement, a plaintiff must allege that the trade dress: "(1) is nonfunctional; (2) is either inherently

distinctive or has acquired a secondary meaning; and (3) [defendant's product] is likely to be confused with [plaintiff's] products by members of the consuming public." Deckers Outdoor Corp. v. Fortune Dynamic, Inc., No. CV 15-769 PSG (SSx), 2015 U.S. Dist. LEXIS 188274, at *7 (C.D. Cal. May 8, 2015)(quoting Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 823 (9th Cir. 1993)).

Here, Plaintiff has not adequately pleaded trade dress because Plaintiff does not even identify what the alleged trade dress is, let alone provide a general description of it. See Bryant v. Matvieshen, 904 F. Supp. 2d 1034, 1046 (E.D. Cal. 2010)("In order to state a trade dress claim for website design, [plaintiff] needs to clearly define the specific elements that constitute the trade dress; a general description of the site is insufficient.")(citation omitted). Because Defendant is not on notice of the alleged trade dress, the Court **GRANTS** Defendant's motion to dismiss as to this claim.

        d. *California Unfair Competition, Common Law Trademark and Service Mark Infringement*

Because Plaintiff has sufficiently alleged trademark infringement under the Lanham Act, Plaintiff has also sufficiently alleged its fourth claim for California common law unfair competition, sixth claim for common law trademark infringement, and seventh claim for common law service mark infringement. See

Int'l Order of Job's Daughters v. Lindeburg & Co., 633 F.2d 912, 916 (9th Cir. 1980)("[F]ederal and state laws regarding trademarks and related claims of unfair competition are substantially congruent."); Grey v. Campbell Soup Co., 650 F. Supp. 1166, 1173 (C.D. Cal. 1986)("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same."). Accordingly, the Court **DENIES** Defendant's Motion as to these three claims.

   e. *Intentional Interference With Prospective Economic Advantage*

The elements of intentional interference with prospective economic advantage include:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937,

14

950 (Cal. 2003). While Plaintiff adequately pleaded that Defendant engaged in wrongful conduct, namely a claim for trademark infringement, Plaintiff has not sufficiently pleaded the remaining elements. Plaintiff does not identify any specific relationship with which Defendant interfered. Damabeh v. 7-Eleven, Inc., No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *10 (C.D. Cal. May 8, 2013)("[I]t is essential that the Plaintiff allege facts showing that Defendant interfered with Plaintiff's relationship with a particular individual."). For this reason, the Court **GRANTS** Defendant's Motion to Dismiss this claim.

    f. *Unfair Competition Under Bus. & Prof. Code § 17200*

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. An "unlawful" business activity includes "anything that can properly be called a business practice and that at the same time is forbidden by the law." Barquis v. Merchants Collection Ass'n, 496 P.2d 817, 830 (Cal. 1972). Because Plaintiff has adequately pleaded sufficient facts to survive a motion to dismiss for trademark infringement, Plaintiff has also satisfied the "unlawful" prong of California's UCL. Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994)("Actions pursuant to state common law claims of unfair competition and actions

15

pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act.") (internal quotations omitted).

Defendant argues that in cases between direct competitors, Plaintiff is required to satisfy the "unfair" prong as set forth in <u>Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.</u>, 973 P.2d 527 (Cal. 1999). Contrary to Defendant's argument, satisfaction of the "unlawful" prong is sufficient and Plaintiff does not also need to adequately allege the other two prongs. <u>See</u> <u>Cel-Tech Communications, Inc.</u>, 973 P.2d at 540 ("Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent.")(citation omitted).

However, Plaintiff's request for damages is inappropriate under the UCL. Plaintiff requests injunctive relief as well as monetary damages pursuant to 15 U.S.C. § 1117, including damages and profits in an amount not less than $5,000,000, treble damages, attorneys' fees, costs, and pre-judgment interest. <u>See</u> Compl. ¶90. The remedies available under the UCL are limited to restitution and injunctive relief. <u>See</u> <u>Cel-Tech Commc'ns</u>, 973 P.2d at 560 ("Plaintiffs may not receive damages, much less *treble* damages, or attorneys fees.")(citation omitted).

Plaintiff argues it is entitled to restitutionary

16

disgorgement for the money Plaintiff would have had ownership interest over, but was usurped by Defendants. See Korea Supply Co., 63 P.3d at 945 ("[I]n the context of the UCL, 'restitution' is limited to monies given to the defendant or benefits in which the plaintiff has an ownership interest."). Plaintiff's argument is unavailing. Restitutionary disgorgement is typified by the situation where "the disgorged money or property [came] from the prospective plaintiff in the first instance," id. at 949, but the lost sales and profits Plaintiff is claiming were never previously owned by Plaintiff. Rather, the funds were redirected to Defendant and never received by Plaintiff in the first place. Thus, Plaintiff's request resembles a claim for damages in the form of lost profits, which is not permitted under the UCL. See Jensen Enters. v. Oldcastle, Inc., No. C 06-00247 SI, 2006 WL 2583681, at *8 (N.D. Cal. Sept. 7, 2006)(dismissing claim for pleading lost sales and profits). Therefore the Court **GRANTS** Defendant's Motion to Dismiss as to this claim.

        g.  *Unjust Enrichment*

Plaintiff's claim for unjust enrichment fails as a legal theory because California does not recognize a cause of action for unjust enrichment. See McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014)("Courts consistently have held that unjust enrichment is not a proper cause of action under California law."); Melchior v. New Line Prods., Inc.,

131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003)("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect. . . ."). As such, the Court **GRANTS** Defendant's Motion to Dismiss this claim.

   h. *Leave to Amend*

 A party may amend the complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Id. Leave to amend lies "within the sound discretion of the trial court." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires.'" Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986)(quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)). Here, Plaintiff has yet to file an amended complaint. It is likely that Plaintiff will be able to cure the factual deficiencies in these claims upon amendment, with the exception of Plaintiff's claim for unjust enrichment. Because Plaintiff's unjust enrichment claim fails as a matter of law, amendment would be futile. Therefore, the Court **DENIES** leave to amend as to unjust enrichment,

and **GRANTS** leave to amend as to the remaining claims.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS WITH 21 DAYS LEAVE TO AMEND** Defendant's Motion to Dismiss as to the following claims: (1) trademark dilution; (2) unfair competition, trade dress infringement, and false designation; (3) intentional interference with prospective economic advantage; and (4) California unfair competition under Cal. Bus. & Prof. Code § 17200.

The Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's Motion to Dismiss as to Plaintiff's claim for unjust enrichment.

The Court **DENIES** Defendant's Motion to Dismiss as to the following claims: (1) trademark infringement; (2) California common law unfair competition; (3) common law trademark infringement; and (4) service mark infringement.

**IT IS SO ORDERED.**

DATED: October 10, 2018     s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge