1   Keith C. Cramer (SBN: 167899)
    kcramer@grsm.com
2   GORDON REES SCULLY MANSUKHANI, LLP
    101 W. Broadway, Suite 2000
3   San Diego, CA 92101
    Telephone: (619) 696-6700
4   Facsimile:  (619) 696-7124

5   ATTORNEYS FOR PLAINTIFF GLOBAL APOGEE

6

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10  GLOBAL APOGEE, a Wyoming          )  Case No.: 2:18-CV-05162-RSWL-E
    Corporation                       )
11                                    )  Courtroom of the Honorable Ronald
                         Plaintiff,   )  S.W. Lew
12                                    )
        v.                            )  **AMENDED COMPLAINT FOR**
13                                    )  **DAMAGES**
    SUGARFINA, INC., a Delaware       )
14  Corporation, JOSHUA REZNICK, an   )  **JURY TRIAL DEMAND**
    individual, ROSIE O'NEILL, an     )
15  individual, DOES 1–10 and UNKNOWN )
    ENTITIES 1–10                     )
16                                    )
                         Defendants.  )
17  _____  )

18          Plaintiff Global Apogee of Wyoming, ("Global Apogee"), through its

19  attorneys, hereby complains against Sugarfina, Inc., Joshua Reznick, and Rosie

20  O'Neill, DOES 1-10 and UNKNOWN ENTITIES 1-10 and states as follows:

21                          Statement of the Case

22          1.    This is an action by Global Apogee against Defendant Sugarfina,

23  Joshua Reznick, Rosie O'Neill, John Does 1-10, and Unknown Entities 1-10

24  (individually referred to by their name and collectively referred to as

25  "Defendants") for trademark infringement arising under the Lanham Act, 15

26  U.S.C. §§ 1051 et seq., and California state-law claims for common-law and

27  statutory unfair competition, common-law infringement of a trademark, and

28  common-law infringement of a service mark.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

2.     This lawsuit arises out of Defendants' unauthorized use and infringements of Global Apogee's federally registered CANDY-GRAM trademark, as well as its common-law rights to the CANDY-GRAM service mark. Defendants' misappropriation has irreparably harmed the goodwill and reputation of Global Apogee and has caused Global Apogee irreparable damage and monetary harm. Plaintiff seeks injunctive relief, statutory damages and/or profits, damages, treble damages, compensatory damages, punitive damages, prejudgment interest, attorney's fees, and/or costs.

<u>Jurisdiction and Venue</u>

3.     This Court has original subject-matter jurisdiction in this dispute under the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a)–(b) because this matter arises under the Lanham Act (15 U.S.C. §§ 1051, *et seq.*) and the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*). This Court also has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367. This Court has subject-matter jurisdiction over the claims for unfair competition asserted in this action under 28 U.S.C. § 1338(b).

4.     This Court has personal jurisdiction over Defendants under 15 U.S.C. §§ 1114, 1125 because: (i) they continually and regularly conduct business in this District, in California, and throughout the United States; (ii) they have placed and continue to place infringing products into the stream of commerce with the knowledge or understanding that the products are sold in the State of California, including in this District; (iii) they are actively engaged in promoting, advertising, marketing, and/or offering products to consumers in this District, including the products at issue in this lawsuit; and (iv) they derive substantial revenue from the sale of infringing products within this District and from interstate and international commerce.

5.     Defendants' contacts with this District are sufficient for this Court to exercise personal jurisdiction over Defendants.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

6.     This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. §§ 1367(a), 1338(a)–(b).

7.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant's principal place of business is in this District, Plaintiff suffered harm in this District, and because a substantial part of the events or omissions underlying Plaintiff's claims occurred within this District.

<u>Parties</u>

8.     Global Apogee is a corporation duly organized and existing under the laws of the State of Wyoming.  Global Apogee maintains an office and its principal place of business is located at 30 N Gould Suite 4000 Sheridan, Wyoming 82801.

9.     Upon information and belief, Sugarfina is a corporation duly organized and existing under the laws of the State of Delaware.  Sugarfina maintains an office and its principal place of business is located at 3915 West 102nd Street, Inglewood, California 90303.

10.    Defendant Joshua Resnick, is a co-founder and co-CEO of Defendant Sugarfina.  On information and belief, Mr. Resnick was directly involved in the unlawful acts alleged herein, including the unlawful acts occurring within this judicial district.

11.    Defendant Rosie O'Neil is a co-founder and co-CEO of Defendant Sugarfina. On information and belief, Ms. O'Neil was directly involved in the unlawful acts alleged herein, including the unlawful acts occurring within this judicial district.

12.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment, and with the permission and consent, express and/or implied, of the other Defendants herein. A unity of interest and ownership exists between and among

the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow. On information and belief, Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction maintained by Defendants must be pierced, all relief and damages should be awarded against all Defendants jointly and severally, and all acts of the Defendants should be treated as the acts of the other Defendants.

13.     Defendant JOHN DOES 1-10, are, upon information and belief directly, secondarily, contributorily, vicariously and/or constructively associated with Defendant Sugarfina in the unlawful acts alleged herein.   The identities of JOHN DOES 1-10 are not presently known with specificity.  Plaintiff will identify JOHN DOES 1-10 when their identities become known upon further investigation and/or discovery and it will amend the Complaint to add their names.

14.     Defendant UNKNOWN ENTITIES 1-10 are, upon information and belief directly, secondarily, vicariously and/or constructively associated with Defendant Sugarfina in the unlawful acts alleged herein.    The identities of UNKNOWN ENTITIES 1-10 are not presently known with specificity.  Plaintiff will identify UNKNOWN ENTITIES 1-10 when their identities become known upon further investigation and/or discovery and it will amend the Complaint to add their names.

<u>Facts</u>

<u>Global Apogee's CANDY-GRAM Trademark and Registration</u>

15.     Global Apogee is the holder of the registered CANDY-GRAM trademark. The USPTO Trademark Registration Number for the CANDY-GRAM trademark is 1,943,440; it was issued in 1995. The registration covers *Candy* in Class 30 and *Greeting Cards* in Class 16. A true and correct copy of the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Registration Certificate held by Global Apogee for the CANDY-GRAM trademark is attached as Exhibit I.

16.     The USPTO originally issued the trademark registration to Arnold Sillins, an individual, on December 26, 1995. As set forth in the USPTO *Trademark Assignment Abstract of Title* (attached as Exhibit II), the CANDY-GRAM trademark was assigned by Mr. Sillins to New Floral in 1997, by New Floral to United Federal Carriers in 2000, and by United Federal Carriers to Global Apogee of Nevada in 2010.[1]

17.     The successive holders of the CANDY-GRAM trademark have continually used it in interstate commerce in connection with sales of candy and greetings cards since its registration in 1995, and they have renewed it as law requires every ten years. Additionally, Global Apogee has filed a Declaration of Incontestability, pursuant to § 15 of the Lanham Act. As a result, Global Apogee has comprehensive federal statutory and common-law rights in the CANDY-GRAM trademark.

18.     The Global Apogee CANDY-GRAM trademark is associated with the products sold by Global Apogee in the minds of consumers and the trade. In addition to the www.candygram.com website, Global Apogee uses the CANDY-GRAM trade name in its *800-* Candygram toll-free number. As a result of CANDY-GRAM products' wide popularity, the CANDY-GRAM trademark has acquired secondary meaning such that consumers, the public, and the trade immediately associate any advertisement or product bearing the CANDY-GRAM trademark as the CANDY-GRAM product sold by Global Apogee. By virtue of the substantial time, effort, and money that Global Apogee expended over the years in creating, promoting, and popularizing this product, Global Apogee has developed

---

[1]  New Floral, United Federal Carriers and Global Apogee are affiliated companies.  The corporate home of Global Apogee was moved from Nevada to Wyoming in 2016 and the CANDY-GRAM trademark was, therefore, assigned by Global Apogee of Nevada to Global Apogee of Wyoming at that time.  This assignment, like the previous assignments, was pro forma as the ownership of the two Global Apogee companies is identical.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

goodwill and a valuable reputation in connection with its CANDY-GRAM trademark.

19.    Global Apogee has been diligent in its efforts to protect its name and the CANDY-GRAM trademark, including by issuing cease-and-desist letters—which have successfully halted dozens of infringing entities. Upon learning of Defendant Sugarfina's infringement on April 26, 2018, Global Apogee issued a cease-and-desist letter to Sugarfina. The letter provided evidence of Global Apogee's ownership of the CANDY-GRAM trademark, the registration of that trademark, and the basis of Global Apogee's belief that Sugarfina knowingly and willfully infringed on that trademark. In addition, by this letter, Global Apogee demanded that Sugarfina immediately:

> (i) cease and desist all uses of Candygram on its website, on all social media sites, in its own brick and mortar retail outlets and in all third party retail outlets, distributors and/or agents and in connection with any other information delivered to the public; (ii) immediately notify its third party retail outlets, distributors and/or agents that they may no longer use the Candygram name or make any sales using that name; and (iii) recover from its or third party retail outlets, distributors and/or agents and destroy all copies of marketing materials in their possession and/or that of its distributors (if any) using the Candygram name. In addition, Global Apogee demands that Sugarfina and its retail outlets, distributors/agents immediately provide a detailed accounting of all monies, including profits, it has received from the sale of any product associated, whether directly or indirectly, with the Candygram name (or any similar name).

20.    By letter from its counsel dated May 2, 2018, Sugarfina stated that it "will not comply with any of the demands made in [Global Apogee's] letter." On information and belief, Sugarfina has continued to utilize the CANDY-GRAM trademark on its website and in its retail stores following its receipt of Global Apogee's demand letter.

<u>Defendants' Willful and Continuing Infringement</u>

21.    On information and belief, Sugarfina commenced its misappropriation of the Candygram name no later than February 2018. Its misappropriation has occurred, at a minimum, in its retail outlets and through its Internet presence.

22.    The willful and continuing misappropriation of the CANDY-GRAM trade name is a pervasive part of every aspect of Sugarfina's sales cycle, from advertising and marketing, to promotion and sales and to delivery and fulfillment as well as its business channels, including direct online sales, direct sales through their retail outlets and sales through third parties.

23.    In at least three ongoing civil proceedings Sugarfina has represented to this Court that "Sugarfina products. . . .have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing. . . ." and "Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world." [2]  In each of these proceedings, Sugarfina has also represented to this Court that the infringement of its intellectual property rights has and will cause irreparable damage to its business.

24.    Through its advertising and marketing efforts, including the use of sophisticated Search Engine Optimization ("SEO") techniques, Sugarfina has intentionally endeavored to "capitalize on the existing distribution channels, including social media and internet marketing" to maximize the association of the registered CANDY-GRAM trade name with its products.  For example, by intentionally manipulating its SEO to feature the CANDY-GRAM trade name, Sugarfina has gained a top position with Google in searches for "*Candygram*". Indeed, a Google search of the word "*Candygram*" produces the following first page entry:

> CandyGram | A Luxury Candy Boutique—Sugarfina
> *https://www.sugarfina.com/candygram*

/ / /

---

[2] *See Sugarfina, Inc. v. Sweet Pete's LLC et al.*, Case No. 2:17-cv-4456 at para. 24-25; *Sugarfina, Inc. v. Deborah Lilly et al.*, Case No.: 2:17-cv-8823 at para. 23-24; and *Sugarfina, Inc. v. Sweitzer LLC* et al., Case No.: 2:17-cv-07950 at para. 21-22.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Sugarfina's intent to misappropriate the CANDY-GRAM trade name is evident from the fact that the lead Metaword in the string is "*CandyGram*", not Sugarfina. Moreover, it is also noteworthy that the reference is to *CandyGram* as "A Luxury Candy Boutique", thus leaving no doubt that Sugarfina is intentionally representing to the public that its "Candygram" is a "boutique" candy *product* and not merely as a *delivery service*.

25.    Global Apogee has been advised by an SEO expert that a key reason for Sugarfina's preferred placement in Google is that the word "*Candygram*" is used liberally in the website metawords and on its public-facing website pages.  As shown above, the Metawords associated with the Sugarfina Home Page are "CandyGram | A Luxury Candy Boutique—Sugarfina."  In addition, as shown below, Sugarfina's top ranking in Google searches for the word "*Candygram*" is facilitated by the fact that the word "*Candygram*" is a featured option in the Sugarfina Home Page menu bar.

Sugarfina Home Page
(www.sugarfina.com)

26.    Moreover, there is also no doubt whatsoever that Sugarfina's use of the CANDY-GRAM trade name is an essential part of its online and retail sales strategy.  Indeed, as shown below, the "SEND THIS CANDYGRAM" radio button is used as the means to purchase each and every variety of Sugarfina candy on the linked Candygram Page:

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Candygram Link From Sugarfina Home Page
(www.sugarfina.com/candygram)



  



/ / /

CASE NO: 2:18-cv-05162-RSWL-E
PLAINTIFF GLOBAL APOGEE'S AMENDED COMPLAINT FOR DAMAGES

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101





27.   The misappropriation of the CANDY-GRAM trade name is also manifest at Sugerfina's retail stores.   Depicted below, is the kiosk found in Sugarfina retail stores.   Note the   prominent display the CANDY-GRAM trade name on the front of the kiosk:

/ / /

/ / /

/ / /

/ / /



On information and belief, customers using these Candygram kiosks are able to purchase and send Sugarfina candy products—which are designated as "Candygrams"—along with emails and a greeting card featuring the CANDY-GRAM trade name.

28. Sugarfina's misappropriation of the CANDY-GRAM trade name is also a pervasive part of the delivery and fulfillment process. Customers who order from Sugarfina online receive the following confirming email confirming that the Sugarfina candy product, which is identified as a "CandyGram" "is on its way":

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101



This email confirm that order is followed-up by another email notifying the sender when the intended recipient redeems the Sugarfina candy product.  This email also prominently displays the CANDY-GRAM trade name:

29.     The final step in the sales process is the delivery of the redeemed Sugarfina product. As shown below, the package containing this product not only depicts the misappropriated CANDY-GRAM trade name, it does so more times and in a bold capital lettered font that is far larger and more visible than standard case unbolded font depicting the Sugarfina name:



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

CASE NO: 2:18-cv-05162-RSWL-E
PLAINTIFF GLOBAL APOGEE'S AMENDED COMPLAINT FOR DAMAGES

30.   Sugarfina has, willfully and with ill motives,  designed and implemented a comprehensive strategy and plan, which starts with advertising and marketing, continues through promotion and sales and ends with delivery and fulfillment, that diligently and comprehensively misappropriates the CANDY-GRAM trade name and uses that trade name for Sugarfina's unlawful economic benefit.

31.   In addition to Sugarfina's infringement of the Global Apogee trademark as it applies to the sale of candy, Sugarfina is also infringing on Global Apogee's trademark for the use of the CANDY-GRAM trade name in connection with greeting cards. Pictured below is the greeting card that is sent electronically to persons receiving Sugarfina candies:



32.   In addition to its website sales, Sugarfina sells its candies through a variety of third party brick and mortar retail stores and hotels.  On information and belief, many of the customers purchasing Sugarfina products in these retail outlets became aware of the availability of those products by searching the term "*Candygram*" on the Internet, finding Sugarfina and then finding the retail outlet through the "Store Locator" functionality on the Sugarfina website.  As such, each

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

of these retail outlets is benefitting directly from the misappropriation of the registered CANDY-GRAM trademark, in its sales of the Sugarfina products that are identified as "Candygrams" on the Sugarfina website, in its sales of any other Sugarfina products and from its name recognition and sales generally.[3]

33.    On information and belief, each of the individual defendants, who serve as co-founders and as co-CEO's of Sugarfina were personally and directly involved in each of the decisions to regarding the infringing uses of the Candygram name.[4]

34.    Global Apogee's goodwill among consumers is closely tied to the Candygram name and the reputation for quality that it has developed over the past several decades. Defendant's flagrant and relentless copying of Global Apogee's intellectual property rights not only allows Defendant to benefit from Global Apogee's investment, but it also threatens to diminish the very important goodwill that Global Apogee has cultivated. The value of such goodwill is evident in part in the growth in Sugarfina's revenues that has occurred since Sugarfina misappropriated Global Apogee's intellectual property.

## COUNT I
### Federal Trademark Infringement
### Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114
### (Against All Defendants)

35.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

---

[3] Global Apogee will, as appropriate to the facts discovered, amend this complaint to add one or more of these third party brick and mortar retail stores and/or hotels as defendants.

[4] It is highly likely that each of these decisions was known to and approved by the Sugarfina Board of Directors. The membership of the Sugarfina Board of Directors includes at least two partners at Great Hill Partners, a Boston, Massachusetts private equity firm that invested at least thirty five million dollars into Sugarfina in 2017. Global Apogee will, as appropriate to the facts discovered, amend this complaint to add Great Hill Partners and/or the partners at Great Hill Partners who serve on the board as defendants.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

36.     As set forth above, the CANDY-GRAM trademark has been in continual use in interstate commerce in connection with the sales of candy and greetings cards since the registration was issued in 1995.  The registration has been renewed, as required, every ten years since the date of issue and Global Apogee's timely filed Section 15 Declaration of Incontestability.

37.     The CANDY-GRAM trademark has acquired secondary meaning and distinctiveness and has been associated in the mind of the public with products created and sold by Global Apogee for at least two decades.

38.     On information and belief, commencing in or about February 2018 and, perhaps earlier, Defendants have used the Candygram name in connection with the advertisement, promotion, sale and delivery of assorted candies and associated messages and other goods on Defendant Sugarfina's website and in Sugarfina-owned retail stores and other retail stores across the United States.

39.     Defendants' use has occurred in the full knowledge of the registration of the CANDY-GRAM trademark held by Global Apogee.

40.     Defendants' use of the registered CANDY-GRAM trademark (without the hyphen) to advertise, promote, and sell Defendant's candy and related product is without the consent of Global Apogee.

41.     Defendants continue to use the registered CANDY-GRAM trademark (without the hyphen) to date.  Defendants have failed and refused to cease and desist from such use following its receipt of a demand to do so from Global Apogee.

42.     Defendants' use of the registered CANDY-GRAM trademark as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that to Defendants' candies and greeting cards are the same as Global Apogee's candies and greeting; (c) that Defendants are somehow affiliated with Global Apogee or that the Plaintiff has endorsed, authorized, sponsored, approved or otherwise associated itself with the Defendants or their counterfeit

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

products; or that (d) that Defendants are authorized by Global Apogee to sell Candygrams.  These outcomes create an unjust economic benefit to Defendants.

43.    Defendants' use of the registered CANDY-GRAM trademark as *Candygram* constitutes an unlawful use in interstate commerce.

44.    Defendants' conduct constitutes trademark infringement and counterfeiting in violation in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

45.    Defendants' acts are knowing, intentional, wanton and willful and were undertaken with malice and with a disregard for the impact that they would have on Global Apogee.

46.    Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

47.    By reason of the foregoing, Global Apogee has suffered and will continue to suffer irreparable harm and damages for which Global Apogee has no adequate remedy at law, including damage to Global Apogee's goodwill. Therefore, Global Apogee is entitled to injunctive relief.

48.    By reason of the foregoing acts of trademark infringement, Global Apogee has been harmed in an amount not yet ascertained.  Defendants' knowing and continued use of Global Apogee's trademark without consent or authorization entitle Global apogee to injunctive relief as well as monetary damages pursuant to 15 U.S.C § 1117, including damages and profits in an amount not less than five million dollars ($5,000,000), treble damages, reasonable attorneys' fees, costs, and pre-judgment interest.

**COUNT TWO**
**California Common Law Unfair Competition**
**(Against All Defendants)**

49.    Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-17-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

50.   Defendants have used the Candygram name in connection with their advertisement, promotion, sale, and delivery of assorted candies and other goods online and in retail stores across the United States.

51.   Defendants acted with full knowledge that the CANDY-GRAM trademark was registered and held by Global Apogee.

52.   Global Apogee has not consented to Defendants' use of the registered CANDY-GRAM trademark as *Candygram* to advertise, promote, or sell Defendants' candies or related products.

53.   Defendants have engaged in unfair competition, including unlawful, unfair, and fraudulent business practices, by marketing, advertising, promoting, and selling in violation of Global Apogee's trademark rights and by infringing the trademark and/or otherwise dealing in the infringing activities, in violation of California common law.

54.   Defendants' have violated and are in derogation of Global Apogee's rights by marketing, advertising, promoting, and selling infringing products and infringing Global Apogee's trademark. Their actions are likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, and/or quality of the goods of Defendants and the goods of Global Apogee, thereby causing loss, damage, and injury to Global Apogee and the purchasing public.

55.   Defendants intended their conduct to cause such loss, damage, and injury.

56.   Defendants knew or by the exercise of reasonable care should have known that their past and continued marketing in, advertising in, dealing in, promotions of, and sales of the infringing products and that their infringement of the trademark would cause confusion, mistake, and deception among purchasers, users, and the public.

/ / /

57.     By their past and continued marketing in, advertising in, dealing in, promotions of, and sales of the infringing goods and by infringing the trademark, Defendants intended and intend to induce customers to purchase Defendants' products while trading off the extensive good will that Global Apogee developed.

58.     Defendants have acted knowingly, deliberately, and willfully, have intended to deceive and cause confusion or mistake, and have disregarded Global Apogee's rights.

59.     Defendants' wrongful conduct has permitted or will permit Defendants to make substantial sales and profits on the strength of Global Apogee's trademarks and its marketing, advertising, sales, and consumer and trade recognition. Their conduct damages the CANDY-GRAM name and brand by creating confusion of these products' origin in the consumer and trade marketplace, and it allows Defendants to build a brand on the strength of the CANDY-GRAM name and image.

60.     As a direct and proximate cause of Defendants' alleged conduct, Global Apogee has been and will be deprived of at least $5,000,000 through sales of its products, to be evidenced at trial, and has been and will be deprived of the value of its trademark as a commercial asset, whose full value Plaintiff does not yet know but will determine at trial.

61.     Global Apogee seeks an order granting it Defendants' profits that stem from Defendants' infringing activities and any actual and/or compensatory damages.

62.     Global Apogee has no adequate remedy at law for Defendants' continuing violation of Global Apogee's rights as set forth above. Global Apogee therefore seeks preliminary and permanent injunctive relief.

63.     Global Apogee seeks exemplary or punitive damages for Defendants' intentional misconduct.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## COUNT THREE
### Unfair Competition; Cal. Bus. & Prof. Code § 17200 et seq.
### (Against All Defendants)

64.     Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

65.     As previously stated, Defendants' conduct is likely to cause confusion among consumers and the trade as to the origin, authorization, authenticity, and sponsorship of the products that Defendants manufacture, advertise, distribute, offer for sale, and sell. Defendants have acted in this way because they intend to produce, and likely have produced, substantial profits for themselves at Global Apogee's expense and to the detriment of the integrity of the CANDY-GRAM brand. Defendants' unfair competition includes, without limitation, representing in advertising and marketing materials—in both retail stores and online —that CANDY-GRAM is owned or controlled by Defendants, causing confusion among dealers and consumers of CANDY-GRAM products.

66.     As a result, Global Apogee has incurred damages, which includes loss of market share, injury to business reputation, loss of control over its brand and image, and lost sales and royalties.

67.     Defendants' conduct, as described, constitutes unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.

68.     Global Apogee has suffered substantial injury as a result of Defendants' wrongful acts. Defendants' misconduct has also caused, and continues to cause, irreparable injury to Global Apogee for which there is no adequate remedy at law. Global Apogee seeks an injunction.

69.     Defendants have harmed Global Apogee in an amount that Plaintiff does not yet fully know. Defendants have knowingly and continually used Global Apogee's trademark without Global Apogee's consent or authorization; this entitles Global Apogee to injunctive relief under Cal. Bus. & Prof. Code § 17200 et seq.

**COUNT FOUR**
**Common Law Infringement of Trademark**
**(Against All Defendants)**

70.     Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

71.     On information and belief, commencing in or about February 2018 and perhaps earlier, Defendants have used the CANDY-GRAM name as *Candygram* in connection with their advertisement, promotion, sale, and delivery of assorted candies and associated messages online and in Defendant-owned retail stores and other retail stores across the United States.

72.     Defendants acted with full knowledge that Global Apogee registered and holds the CANDY-GRAM trademark.

73.     Global Apogee has not consented to or authorized Defendants' uses of the registered CANDY-GRAM trademark as *Candygram* to advertise, promote, or sell Defendants' candies or related products.

74.     Defendants continued to use the registered CANDY-GRAM trademark as *Candygram* as of the original filing of this lawsuit. Defendants responded with refusal to Global Apogee's demand to cease and desist from their use of the trademark.

75.     Defendants' use of the registered CANDY-GRAM trademark as *Candygram*, as set forth above, is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' candies and related products are the same as Global Apogee's candies and related products; (c) cause the public to believe that Defendants are somehow affiliated with Global Apogee or that Global Apogee has endorsed, authorized, sponsored, approved, or otherwise associated itself with Defendants or their counterfeit products; or (d) cause the public to believe that Global Apogee authorized Defendants to sell CANDY-GRAMs. These outcomes create an unjust economic benefit to Defendants.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

76.     Defendants' use of the registered CANDY-GRAM trademark as *Candygram* constitutes an unlawful use in interstate commerce.

77.     Defendants have acted knowingly, intentionally, wantonly, willfully, maliciously, and without regard for the impact that would have on Global Apogee.

78.     Defendants' actions have caused and will continue to cause irreparable injury to Plaintiff.

79.     Defendants' misconduct constitutes trademark infringement in violation of the common law of the State of California and has caused substantial, irreparable injury to Global Apogee for which there is no adequate remedy at law.

80.     Defendants have harmed Global Apogee in an amount that Plaintiff does not yet fully know. Defendants' knowing and continued use of Global Apogee's trademark without Global Apogee's consent or authorization entitles Plaintiff to injunctive relief and monetary damages pursuant to 15 U.S.C § 1117, which includes damages and profits of at least $5,000,000, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

**COUNT FIVE**
**Common Law Infringement of Service Mark**
**(Against All Defendants)**

81.     Global Apogee incorporates by reference each of the factual allegations set forth in the previous paragraphs.

82.     On information and belief, commencing in or about February 2018 and perhaps earlier, Defendants have used the CANDY-GRAM name as *Candygram* in connection with the delivery of assorted candies and associated messages online and in Defendant-owned retail stores and other retail stores across the United States.

83.     At all times during Defendants' use, Defendants had full knowledge that Global Apogee used the CANDY-GRAM name in connection with the delivery of Candygram products.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

84.     Defendants' use of the CANDY-GRAM service mark as *Candygram* in association with the delivery of Candygram products is without Global Apogee's consent.

85.     Defendants continued to use the CANDY-GRAM service mark as *Candygram* as of the original filing of this lawsuit. Defendants have responded with refusal to comply with Global Apogee's demand to cease and desist Defendants' use of the service mark.

86.     Defendants' use of the CANDY-GRAM service mark as *Candygram* as previously described is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' candies and greeting cards, as well as the delivery of those candies and greetings cards, are the same as Global Apogee's; (c) cause the public to believe that Defendants are somehow affiliated with Global Apogee or that Plaintiff has endorsed, authorized, sponsored, approved, or otherwise associated itself with Defendants or their counterfeit products and services; or (d) cause the public to believe that Global Apogee has authorized Defendants to sell CANDY-GRAM products and related services. These outcomes create an unjust economic benefit to Defendants.

87.     Defendants' use of the CANDY-GRAM service mark as *Candygram* constitutes an unlawful use in interstate commerce.

88.     Defendants have acted knowingly, intentionally, wantonly, willfully, maliciously, and without regard for the impact of their actions on Global Apogee.

89.     Defendants' conduct has caused, and will continue to cause, irreparable injury to Plaintiff.

90.     Defendants' misconduct constitutes an infringement of Global Apogee's service mark in violation of the common law of the State of California and has caused substantial, irreparable injury to Global Apogee for which there is no adequate remedy at law.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

91.     Defendants have harmed Global Apogee in an amount that Plaintiff does not yet fully know. Defendants' knowing and continued use of Global Apogee's service mark without Global Apogee's consent or authorization entitles Plaintiff to injunctive relief and monetary damages, which includes damages and profits of at least $5,000,000, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Global Apogee respectfully requests that the Court order the following relief:

A.     That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting with them in concert be enjoined with and them be enjoined and restrained from:

(1) using any reproduction, any reproduction, counterfeit, copy, or colorable imitation of the CANDY-GRAM trademark in connection with the sale of any goods or the rendering of any services not authorized by Global Apogee;

(2) engaging in any course of conduct likely to cause confusion, deception or mistake,  or injure Global Apogee's business reputation or weaken the distinctive quality of the registered CANDY-GRAM trademark;

(3) using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Global Apogee or sponsored by, endorsed by or associated with Global Apogee and from offering such goods in in commerce;

(4) further infringing the CANDY-GRAM trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying the registered CANDY-GRAM trademark;

(5) using any simulation, reproduction, copy or colorable imitation of the registered CANDY-GRAM trademark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-24-

1  or distribution of any unauthorized products in any fashion as to relate or connect,

2  or tend to relate or connect, such products in any way to Global Apogee, or to any

3  goods sold, manufactured, sponsored, endorsed or approved by, or connected with

4  Global Apogee;

5       (6) making any statement or representation whatsoever, or using any false

6  designation of origin or false description, or performing any act, which can or is

7  likely to lead the trade or public, or individual members thereof, to believe that any

8  products manufactured, distributed, or offered for sale, Defendants are in any way

9  associated or connected with Global Apogee, or are sold, manufactured, licensed,

10  sponsored, endorsed, approved or authorized by Global Apogee;

11       (7) engaging in any conduct constituting an infringement of the registered

12  CANDY-GRAM trademark or Global Apogee's rights therein, or to use or to

13  exploit, the CANDY-GRAM trademark in any form, or constituting any

14  weakening of Global Apogee's name, reputation or goodwill;

15       (8) using or continuing to use Global Apogee's registered CANDY-GRAM

16  trademark or trade name or any variation thereof on the Internet either in the text of

17  a website, as a domain name, as a key word, search word, metatag, or any part of

18  the description of the of site in any site submission for a registration of Internet site

19  with a search engine or index, in connection with any goods or services not directly

20  not authorized by Global Apogee;

21       (9) hosting or acting as an Internet Service Provider for, or operating any

22  websites offering for sale any products bearing counterfeits of the CANDY-

23  GRAM trademark in any form;

24       (10) using any email addresses to offer for sale any nongenuine products

25  bearing products as counterfeits of the of CANDY-GRAM trademark in any form;

26       (11) having any connection whatsoever with any websites that offer for sale

27  any merchandise bearing counterfeits of the registered CANDY-GRAM trademark

28  in any form;

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1    (12) secreting, destroying, altering, removing, or otherwise dealing with the

2    unauthorized products or any books or records which contain any information

3    relating to the importing, manufacturing, producing, distributing, circulating,

4    selling, marketing, offering for sale, advertising, or promoting, or displaying

5    unauthorized products which products infringe the registered CANDY-GRAM

6    trademark in any form; and

7    (13) effecting assignments or transfers, forming new entities or associations

8    or utilizing any other device for the purpose of circumventing or otherwise

9    avoiding the prohibitions set forth in subparagraphs (1) through (13).

10   B.    Directing that Defendants, within ten (10) (days of Judgment, take all

11   steps necessary to remove from all websites they own or control, including, but not

12   limited to www.Sugarfina.com, and text and or all other text media offering for

13   sale any products associated with the registered CANDY-GRAM trademark.

14   C.    Directing that Defendants, within thirty (30) days of Judgment, file

15   and serve Global Apogee with a sworn statement setting forth in detail the manner

16   in which in Defendants have complied with this injunction pursuant to U.S.C. §

17   1116(a).

18   D.    Directing that Defendants deliver up for destruction to Global Apogee

19   all unauthorized products and advertisements in their possession or under their

20   control bearing the registered CANDY-GRAM trademark or any simulation,

21   reproduction, counterfeit, copy or colorable imitation thereof, all matrices plates,

22   and molds, and other means of production pursuant to 15 U.S.C. §1118.

23   E.    Directing such other such relief as the Court may deem appropriate to

24   prevent the trade and the public from deriving any erroneous impression that any

25   products manufactured or sold or otherwise circulated or promoted by Defendants

26   are authorized by Global Apogee or related in any way to Global Apogee's

27   products.

28   / / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

F.     Requiring Defendants to pay to Global Apogee such damages Global Apogee has sustained as a consequence of Defendants' willful infringement of the CANDY-GRAM trademark and unfair competition and to account for and to account for all gains, profits and advantages and advantages derived by Defendants from the sale of infringing merchandise bearing the registered CANDY-GRAM trademark, including all: (a) statutory damages in damages an up to $1,000,000 for each act of infringement as provided under 15 U.S.C. of § 1117(c) of the Lanham Act and D.C. Code § 28-3904 (2013), and/or, at Global Apogee's election, an amount representing Defendants' illicit revenues (or any lesser amount Defendants establish as their "profits", which are believed to exceed twenty-five million dollars ($25,000,000) and five million dollars ($5,000,000), respectively, on an annualized basis, whichever is greater; (b) the damages caused to Global Apogee as a result of Defendants' unlawful conduct, which are believed to exceed an additional five million dollars ($5,000,000) on an annualized basis; and (c) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

G.     An award to Global Apogee of treble, exemplary, and/or punitive damages.

H.     Ordering that Global Apogee be reimbursed for the costs of this action together with reasonable attorneys' and investigators' fees and pre-judgment and post-judgment interest in accordance with 15 U.S.C. §1117.

I.     Ordering that, pursuant to U.S.C.S. §523(a)(6), Defendants be prohibited from a discharge from a under discharge under 11 U.S.C.S. §727 for, malicious, willful and fraudulent injury to Global Apogee.

J.     Directing that this Court retain jurisdiction over this action for the purpose of enabling Global Apogee to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1 for the modification of any such order, for the enforcement or compliance

2 therewith and for the violations thereof.

3    K.    Awarding to Global Apogee for such other relief as the Court may

4 deem just and proper, and together with the costs and disbursements which Global

5 Apogee has incurred in connection with this action.

6 Dated: November 1, 2018        GORDON REES SCULLY MANSUKHANI LLP

7                                By:  */s/ Keith C. Cramer*

8                                     Keith C. Cramer
                                      Attorney for Plaintiff  GLOBAL
9                                     APOGEE

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP, 101 West Broadway, Suite 2000, San Diego, CA 92101. On November 1, 2018, I served the within documents:

- **PLAINTIFF GLOBAL APOGEE'S AMENDED COMPLAINT FOR DAMAGES**

| | |
|---|---|
| ☒ | **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3). |
| ☐ | **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. |

Jon Dean
jdean@mwe.com
Jason Strabo
jstrabo@mwe.com
MCDERMOTT WILL & EMERY
LLP
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Tel: (310) 277-4110
Fax (310) 277-4730

**Attorneys For Defendant
Sugarfina, Inc.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 1, 2018, at San Diego, California.

_____
Rebecca Hunt

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101