1   O

2

3

4

5

6

7

8                **UNITED  STATES  DISTRICT  COURT**

9                **CENTRAL  DISTRICT  OF  CALIFORNIA**

10

11

12  GLOBAL APOGEE, a Wyoming    )   CV 18-5162-RSWL-Ex
    Corporation                 )
13                              )
              Plaintiff,        )   **ORDER re: Defendant's**
14                              )   **Motion to Enforce Plan**
                                )   **Injunction and Release**
15     v.                       )   **Provisions** [45]
                                )
16                              )
    SUGARFINA, INC., a Delaware )
17  Corporation, JOSHUA         )
    REZNICK, an individual,     )
18  ROSIE O'NEILL, an           )
    individual, DOES 1-10 and   )
19  UNKNOWN ENTITIES 1-10,      )
                                )
20                              )
              Defendants.       )
21

22       Plaintiff Global Apogee ("Plaintiff") brought the

23  instant Action against Defendant Sugarfina, Inc.

24  ("Sugarfina"), Joshua Reznik ("Reznik"), and Rosie

25  O'Neill ("O'Neill") (collectively, "Defendants"),

26  regarding claims related to trademark and trade dress

27  infringement.  Currently before the Court is

28  Defendant's Motion to Enforce Plan Injunction and

                              1

1  Release Provisions [45] ("Motion"). Having reviewed all
2  papers submitted pertaining to this Motion, the Court
3  **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS**
4  Sugarfina's Motion.

**I. BACKGROUND**

**A.   Factual Background**

7      Plaintiff is the holder of the registered "CANDY-
8  GRAM" trademark ("CANDY-GRAM"), No. 1,943,440.  Compl.
9  ¶ 15, ECF No. 1.  The registration covers "Candy" in
10 Class 30 and "Greeting Cards" in Class 16.  Id.
11 Plaintiff has used CANDY-GRAM continuously in
12 interstate commerce in connection with the sales of
13 candy and greeting cards since it was issued in 1995,
14 and has renewed it every ten years.  Id. ¶ 17.
15 Plaintiff uses CANDY-GRAM on its website,
16 www.candygram.com, and in its 800-candygram toll
17 number.  Id. ¶ 18.

18      Sugarfina is a luxury candy boutique.  Id. ¶ 9.
19 Sugarfina's website features the option "Candygram,"
20 which allows customers to send candy products with
21 messages through its website and in-store kiosks.  Id.
22 ¶¶ 26-27.  Plaintiff contends that no later than
23 February 2018, Sugarfina began infringing on
24 Plaintiff's CANDY-GRAM mark as well as its common law
25 rights to the CANDY-GRAM service mark.  Id. ¶ 2.

26      Plaintiff sent a cease and desist letter to
27 Sugarfina on April 26, 2018, regarding Sugarfina's
28 alleged trademark infringement, but Sugarfina has

1   refused to comply with the request.  Id. ¶¶ 19-20.

2   **B.   Procedural Background**

3       On June 11, 2018, Plaintiff filed its Complaint [1]

4   asserting nine causes of action.[1]  On October 10, 2018,

5   the Court granted in part and denied in part [15]

6   Defendants' Motion to Dismiss.

7       Sugarfina filed a Notice of Filing Bankruptcy with

8   the Court on September 16, 2019 [37].  On April 14,

9   2020, the Court stayed this Action [42] pending the

10  Confirmation Hearing in Sugarfina's bankruptcy

11  proceedings.

12      On May 26, 2020, Sugarfina filed its Status and

13  Result of Bankruptcy Court Hearing [43], explaining

14  that the Bankruptcy Court entered an order confirming

15  Sugarfina's Plan of Reorganization (the "Plan").  On

16  June 1, 2020, Sugarfina filed a Supplemental Notice Re:

17  Status and Result of Bankruptcy Court Hearing [44],

18  detailing that the Plan had become effective as of May

19  28, 2020.

20      Sugarfina filed the instant Motion [45] on June 24,

21  2020.  Plaintiff failed to oppose, and Sugarfina then

22  filed a Notice of Non-Opposition [46] on July 17, 2020.

23  ///

24

25      [1] Plaintiff asserts the following causes of Action: (1)
    Federal Trademark Infringement; (2) Federal Trademark Dilution;
26  (3) Unfair Competition, Trade Dress Infringement, and False
    Designation of Origin; (4) California Common Law Unfair
27  Competition; (5) Unfair Competition; (6) Common Law Infringement
    of Trademark; (7) Common Law Infringement of Service Mark; (8)
28  Tortious Interference with Prospective Business Relationship; and
    (9) Unjust Enrichment.

## II. DISCUSSION

Bankruptcy courts have the authority to grant injunctive relief under section 105(a) of the Bankruptcy Code.  See 11 U.S.C. § 105 ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); see also In re Breul, 533 B.R. 782, 791 (Bankr. C.D. Cal. 2015) (noting that the bankruptcy court has the power to enforce discharge injunctions pursuant to its authority under section 105(a)). Additionally, " section 105 permits the court to issue both preliminary and permanent injunctions after confirmation of a plan to protect the debtor and the administration of the bankruptcy estate." In re Am. Hardwoods, Inc., 885 F.2d 621, 625 (9th Cir. 1989).

Here, the Bankruptcy Court, in its Confirmation Order, approved the discharge, injunction, and release provisions in the Plan. See Ex. 1 to Supp. Notice re: Status and Result of Bankruptcy Court Hearing ("Confirmation Order") ¶¶ 19-20, ECF No. 44-1; see also Ex. 3 to Supp. Notice re: Status and Result of Bankruptcy Court Hearing ("Plan") § 8.01, ECF No. 44-3. Specifically, the Plan release claims and enjoins the pursuit of new claims against Sugarfina:

> FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

4

1   Plan § 8.05(a).   The Plan also provides for a limited

2   injunction against Defendants Resnick and O'Neill:

3       UNLESS AGREED IN WRITING OTHERWISE BY THE
        REORGANIZED DEBTOR, LITIGATION AND/OR ANY
4       CONTINUATION OF THE INSURED LITIGATION (TO THE
        EXTENT NOT RELEASED OR DISCHARGED HEREUNDER),
5       SHALL BE ENJOINED FOR A PERIOD OF TWELVE (12)
        MONTHS FOLLOWING THE EFFECTIVE DATE.
6   Id. § 8.06.   The Plan defines the "Insured Litigation"

7   as, among others:

8       (b) that certain litigation currently pending
        as *Global Apogee v. Sugarfina, Inc., et al.*,
9       with the District Court for the Central
        District of California as Case No.
10      2:18-cv-05162, and (c) any other claim or cause
        of action filed or raised or that may in the
11      future be filed or raised against a non-Debtor
        beneficiary of the D&O Insurance Policies for
12      which there is coverage under such Insurance
        Policies.
13  Id.

14      The Bankruptcy Court approved the release

15  provisions in the Plan, stating:

16      Except as modified herein, the releases and
        exculpation provisions contained in the Plan,
17      including but not limited to, those provided in
        Article VIII of the Plan, are hereby
18      authorized, approved, and binding on all
        Persons and Entities described therein . . . .
19

20  Confirmation Order ¶ 19.   The Bankruptcy Court also

21  approved the injunction provisions:

22      Pursuant to Article VIII of the Plan, except as
        otherwise expressly provided in the Plan or
23      this Order, from and after the Effective Date,
        all Persons and Entitles are, to the fullest
24      extent provided under section 524 and other
        applicable provisions of the Bankruptcy Code,
25      permanently enjoined from (i) commencing or
        continuing, in any manner or in any place, any
26      suit, action or other proceeding; (ii)
        enforcing, attaching, collecting, or recovering
27      in any manner any judgment, award, decree, or
        order; (iii) creating, perfecting, or enforcing
28      any Lien or encumbrance; (iv) asserting a

setoff or right of subrogation of any kind; or (v) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or with respect to any claim, demand, liability, obligation, debt, right, cause of action, equity interest, or remedy released or to be released, settled or to be settled or discharged or to be discharged under the Plan or this Order against any person or entity so released or discharged . . . .

Id. ¶ 20.

Because the Bankruptcy Court approved the Plan and confirmed the relevant discharge, injunction, and release provisions in its Confirmation Order, Plaintiff is effectively enjoined from continuing this Action. Pursuant to the Plan and Confirmation Order, the Action should be dismissed as to Suagrfina and stayed as to Defendants Resnick and O'Neill until after May 28, 2021.

Accordingly, the Court **GRANTS** Sugarfina's Motion. See In re Kalikow, 602 F.3d 82, 93 (2d Cir. 2010) (affirming grant of an enforcement motion that "[sought] to enforce an injunction already in place—[one] that was created by sections 1141 and 524 of the Bankruptcy Code and the express terms of the [Plan] and Confirmation Order"). Additionally, Plaintiff failed to oppose the instant Motion, which the Court deems as consent to granting the instant Motion. See C.D. Cal. L.R. 7-12 ("The failure to file any required document . . . may be deemed consent to the granting . . . of the motion . . . .").

1

### III. CONCLUSION

2    Based on the foregoing, the Court **GRANTS**

3 Sugarfina's Motion.  The Court **ORDERS** Plaintiff to

4 dismiss its claims against Sugarfina within seven (7)

5 days of the date of this Order.  The Court **STAYS** this

6 Action against Defendants Resnick and O'Neill through

7 May 28, 2021.

8

9

10 **IT IS SO ORDERED.**

11

12 DATED: September  8 , 2020      /s/ Ronald S.W. Lew
                                    _____

13                               **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7